BEEZER, Circuit Judge:
Barbara Gail Harrison-Philpot appeals her conviction and sentence for one count of conspiracy to distribute cocaine (21 U.S.C. § 846), seven counts of distributing or aiding and abetting the distribution of cocaine in furtherance of the conspiracy (21 U.S.C. § 841(a)(1)-(b)(1)(C)), one count of using a communication facility to facilitate the conspiracy (21 U.S.C. § 843(b)-(c)), and one count of using a firearm in connection with drug trafficking (18 U.S.C. § 924(c)(1)). The district court imposed a 352 month sentence. Harrison-Philpot argues that the district court erred by basing her sentence upon an incorrect quantity of drugs and then enhancing the sentence due to her role in the offense. She also raises numerous challenges to her conviction. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for resentencing
I
SENTENCING ISSUES
The crucial questions presented center on Harrison-Philpot’s sentencing. The pre-sentence report followed the Guidelines in determining Harrison-Philpot’s sentencing range, and the sentence ultimately imposed by the district court fell within that range, However, the district court did not indicate, either at the sentencing hearing or in the Judgment and Commitment, how that sentence related to the Guidelines. Without an adoption of the presentence report by the district court or an attempt to tie its sentencing decision to. the Guidelines, we must vacate the sentence and remand for resentencing. See United States v. Lock-ard, 910 F.2d 542, 546 (9th Cir.1990) (“18 U.S.C. § 3553(c) requires the district court to state, in open court, its general reasons for its imposition of the particular sentence.”).
Harrison-Philpot challenges the district court’s determination of her base offense level and the decision to enhance that level by four for a leadership role in the offense. To assure proper sentencing on remand, we will address in some detail the legal issues that Harrison-Philpot raises.
A. Quantity of Drugs and Base Offense Level
Harrison-Philpot was convicted on seven distribution counts that involved a total of 67 grams of cocaine. The base offense level for that amount is 16, U.S.S.G. § 2Dl.l(c)(14), which, with the 6-level enhancement, yields a range of 41-51 months. The probation officer determined, through interviews with the U.S. Attorney’s office, that the conspirators in fact distributed between 15 and 49.9 kilograms of cocaine during the conspiracy period. That quantity carries a base offense level of 34, U.S.S.G. § 2D1.1(c)(5), and with enhancements, results in a sentence range of 292-365 months. The district court imposed a total sentence of 352 months in prison.
1. Burden of proof
The government’s argument that Harrison-Philpot had the burden of establishing a quantity below 15 kilograms is meritless. Under § 2Dl.l(c), the base offense level for a drug related offense depends entirely upon the quantity of drugs involved. The government has the burden of presenting evidence sufficient to enable the district court to determine that base offense level. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990).
*1523 2. Standard of proof
While it is clear that the burden of proof rests with the government, it is not as obvious what standard of proof is required to find the quantity of drugs involved. The district court did not expressly indicate what standard it applied. Harrison-Philpot urges us to direct the district court to apply a “by clear and convincing evidence” standard. At the very least, she contends that the district court failed to apply the minimal preponderance of the evidence standard.
An en banc panel of this court considered the issue in United States v. Restrepo, 946 F.2d 654 (9th Cir.1991) (en banc), cert. denied, — U.S. —, 112 S.Ct. 1564, 118 L.Ed.2d 211 (1992). Restrepo was convicted on two counts of distribution of cocaine. His codefendant was also charged with two counts of cocaine distribution. At sentencing, the district court found that all four counts were part of a common scheme. U.S.S.G. § lB1.3(a)(2). It added the quantity of drugs charged to the codefendant to Restrepo’s amount for the purpose of fixing the base offense level. This aggregation of amounts increased Restrepo’s sentencing range by twelve to twenty months. United States v. Restrepo, 903 F.2d 648, 650 (9th Cir.1990).
The en banc panel in Restrepo held that the preponderance of the evidence standard of proof satisfies due process when used to establish uncharged facts or conduct enhancing a sentence under Sentencing Guideline § 1B1.3(a)(2). Restrepo, 946 F.2d at 657-59. Restrepo left open the possibility that if a case involved a severe penalty enhancement, due process might require heightened procedural protections. Id. at 656 n. 1, 659, 661. Courts have labeled this concept as one of “proportionality.” “The Supreme Court did recognize in McMillan that there may be an exception to the general rule that the preponderance standard satisfies due process when a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction.” Id. at 659 (citation omitted).
At first glance, this case seems to fall into this undefined category. Harrison-Philpot’s base offense level for distributing 67 grams of cocaine (plus enhancements) indicates a sentencing range between 41-51 months. The greater quantity computed through the conspiracy conviction yields a sentencing range of 292-365 months. Unlike Restrepo, Harrison-Philpot faces a severe penalty increase.
A closer examination, however, shows that this case does not provide the legal basis for the due process concerns contemplated in Restrepo. Restrepo suffered a sentencing enhancement for uncharged conduct under U.S.S.G. § 1B1.3 (relevant conduct section). Harrison-Phil-pot was charged and convicted of conspiracy; the extent of the conspiracy caused the tremendous increase in her sentence. This distinction between a quantity determination and uncharged criminal conduct places Harrison-Philpot on a fundamentally different plane than Restrepo. The pre-sentence report simply calculated the sentencing range for conspiracy under U.S.S.G. § 2Dl.l(c). Unlike Restrepo, this involves no “enhancement” of sentence.
Due process requires that each element of a crime be proved beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). A legislature cannot evade the command of Winship by reclassifying an element of a crime as a sentencing factor. McMillan v. Pennsylvania, 477 U.S. 79, 89, 106 S.Ct. 2411, 2417-18, 91 L.Ed.2d 67 (1986). The quantity of a controlled substance figures in the penalty stage of a criminal prosecution. See 21 U.S.C. § 841(b). “The quantity of the controlled substance is not an essential element of the crimes proscribed under sections 841(a)(1) and 846; rather, it is a sentencing issue to be raised after proof of a defendant’s underlying guilt.” United States v. McNeese, 901 F.2d 585, 600-01 (7th Cir.1990). The quantity of drugs involved is not an element of the offense of conspiracy. The government may seek an enhanced sentence in a conspiracy conviction based on amounts of drugs not alleged at the time of trial. *1524 United States v. Royal, 972 F.2d 643, 649-50 (5th Cir.1992).
The often repeated McMillan quote which warns of the “tail which wags the dog of the substantive offense,” 477 U.S. at 88, 106 S.Ct. at 2417, does not speak to our present case. The prosecution proved the substantive offense of conspiracy beyond a reasonable doubt; U.S.S.G. § 2Dl.l(c) gives the appropriate sentencing range. Another case, one where uncharged conduct greatly enhances a sentence, may provide the proper forum to address sentencing standards and due process concerns. This case simply does not implicate Restrepo’s reserved issue.
The charged versus uncharged conduct distinction plays itself out in the only other case in which a severe penalty increase prompted a circuit court to impose a higher standard of proof. United States v. Kiku-mura, 918 F.2d 1084 (3d Cir.1990).[1] The Third Circuit concluded that findings leading to a “twelve-fold, 330 month departure from the median of an applicable guideline range” must be made by clear and convincing evidence. Id. at 1101-02.
Kikumura was indicted on several explosive and passport charges, the most serious of which proscribed transporting an explosive in interstate commerce “with the knowledge or intent that it will be used to kill, injure, or intimidate any individual or unlawfully to damage or destroy any building, vehicle, or real or personal property.” 18 U.S.C. § 844(d). Kikumura stipulated to all essential facts, but he insisted that he intended only to destroy property, not to harm individuals. Following a pro forma bench trial, the district court convicted Kikumura of all counts. Kikumura, 918 F.2d at 1094.
The district court determined the base offense level for violation of § 844(d) to be a sentencing range of 27-33 months. The district court departed drastically from this range, citing intent to cause multiple deaths and serious injuries, planned detonation of unusually dangerous explosives, extreme conduct, endangerment of public health/safety, and inadequacy of criminal history category. The district court imposed a sentence of thirty years. Id. at 1097-98.
Although the Third Circuit discussed due process concerns in review of the sentence, it based its adoption of the clear and convincing standard on a brief interpretation of the departure statute, 18 U.S.C. § 3553(b).[2]
We decline to follow Kikumura for two basic reasons. First, Kikumura concerned sentencing departure, not sentencing enhancement (Restrepo) or straight sentencing for convicted conduct (here). See also United States v. Sanchez, 967 F.2d 1383, 1386 (9th Cir.1992). Second, the sentencing departure focused on uncharged conduct, not on conduct for which Kikumura was clearly convicted.
The reasoning of Restrepo controls. Harrison-Philpot was charged and convicted of conspiracy. The district court should apply the preponderance of the evidence standard to determine the quantity of drugs involved in the conspiracy and the sentencing range under U.S.S.G. § 2D1.1(c). This comports with the majority and the dissent in Restrepo. “[D]ue process might be satisfied if the preponderance standard were applied to determine the quantity of drugs involved in the two sales for which appellant was convicted.” Restrepo, 946 F.2d at 668 (Norris, J. dissenting).
3. Evidentiary hearing
The district court denied Harrison-Phil-pot’s motion for an evidentiary hearing to *1525 establish the quantity of drugs. The district court committed compound errors in the course of denying the motion. On remand, the district court, must undertake two distinct inquiries.
First, whenever a defendant alleges factual inaccuracies in the presentence report, the district court must either append to the presentence report a finding as to the allegation dr not take the matter into account for sentencing purposes. United States v. Clay, 925 F.2d 299, 305 (9th Cir.) (applying Fed.R.Crim.P. 32(c)(3)(D)), disapproved on other grounds, Gozlon-Peretz v. United States, 498 U.S. 395, —, 111 S.Ct. 840, 849, 112 L.Ed.2d 919 (1991). The district court did not make specific findings with respect to Harrison-Philpot’s allegations of factual inaccuracy.
Second, Harrison-Philpot contends that the district court must afford her an evidentiary hearing. Rule 32(c)(3)(A) expressly vests the district court with discretion to hold an evidentiary hearing. We review for abuse of discretion. United States v. Monaco, 852 F.2d 1143, 1148 (9th Cir.1988), cert. denied, 488 U.S. 1040, 109 S.Ct. 864, 102 L.Ed.2d 988 (1989). Absent specific findings responsive to HarrisonPhilpot’s allegations of inaccuracy, we cannot determine whether the district court abused its discretion in denying HarrisonPhilpot’s motion for an evidentiary hearing.
On remand the district court must first strictly comply with Fed.R.Crim.P. 32(c)(3)(D)’s requirement that it make specific findings as to defendant’s allegations of factual inaccuracies in the presentence report. Ordinarily, the district court would then determine whether a reasonable factual dispute exists as to the overall quantity of cocaine distributed during the conspiracy. Given the facts in this case; we hold that a reasonable factual dispute exists.[3] Following this holding, the district court must determine whether to hold an eviden-tiary hearing on the alleged inaccuracies in the presentence report.
B. Enhancement under U.S.S.G. § 3Bl.l(a) for Leadership Role
There is nothing in the record to indicate if the district court accepted the probation officér’s recommendation to enhance the base offense level for HarrisonPhilpot’s leadership role in the offense. Although evidence exists that would satisfy the requirements of § 3Bl.l(a), the district court’s utter failure to perform the requisite inquiry of evaluating that evidence , on the record also requires us to remand.
C. Remand for Resentencing
The sentencing phase of this proceeding was seriously flawed. The appellant was convicted of serious crimes. Although the sentence may in fact be warranted, the district court’s total disregard for the procedural requirements established by the Guidelines and Fed.R.Crim.P. 32 necessitates vacating the sentence and remanding for resentencing.
II
CHALLENGES TO THE CONVICTION
A. Constructive Amendment of the Indictment
Harrison-Philpot argues that a portion of the district court’s jury instructions violated her fifth and sixth amendment rights. The instruction stated that the jury must find that she joined the conspiracy “sometime on or before March 9, 1988.” She claims this amounted to an impermissible constructive amendment of the indictment. As no objection was made at trial, this court reviews the instruction for plain error.
Conspiracy dates were charged as “[bjeginning at a date unknown but as early as March 9, 1988, and continuing through on or about April 19, 1988.” Because the indictment places the alleged illegal activity within an identifiable time frame, it alleges the dates of the conspiracy with sufficient specificity. See United *1526 States v. Brown, 720 F.2d 1059, 1076 (9th Cir.1983) (indictment alleging that “transaction occurred during the first part of 1976” not defective); United States v. McCown, 711 F.2d 1441, 1450 (9th Cir.1983) (holding the indictment alleging that conspiracy began “on or about” and ended “on or about” certain date sufficiently informed defendants of the charges); United States v. Rohrer, 708 F.2d 429, 435 (9th Cir.1983) (approving indictment alleging that conspiracy “extended until ‘at least’ 1980”).
Harrison-Philpot contends that the district court’s conspiracy instruction effectively amended the indictment.[4] Even assuming this to be true, time is not an element of the conspiracy charge, and the statute of limitations is not at issue.' “[I]t is clear that when time is not a material element of the offense, as is the case here, the court may constructively amend the indictment without running afoul of the Fifth Amendment.” United States v. Laykin, 886 F.2d 1534, 1544 (9th Cir.1989), cert. denied, 496 U.S. 905, 110 S.Ct. 2586, 110 L.Ed.2d 267 (1990). By Harrison-Philpot’s own testimony, she was a member of the conspiracy on a date reasonably near the indictment date. Having demonstrated no prejudice, Harrison-Philpot has failed to show plain error.
B. Failure to Charge Overt Act as an Element of Conspiracy
The district court did not instruct the jury that it must find that an overt act had been committed in furtherance of the conspiracy. See Instruction No. 10 above. Harrison-Philpot claims that proof of an overt act is an essential element of a conviction under 21 U.S.C. § 846 and that the failure to instruct the jury on this element constitutes reversible error.
We have held that the government must prove the commission of an overt act in furtherance of the conspiracy. United States v. Magana-Olvera, 917 F.2d 401, 409 (9th Cir.1990) (government must show (1) agreement to distribute drugs; (2) one or more overt acts in furtherance of agreement; and (3) intent to commit substantive crime). Failure to instruct on this element is constitutional error. Carella v. California, 491 U.S. 263, 265,109 S.Ct. 2419, 2420, 105 L.Ed.2d 218 (1989); Martinez v. Borg, 937 F.2d 422, 424 (9th Cir.1991).
Such an error, however, is subject to the harmless error rule. Carella, 491 U.S. at 266, 109 S.Ct. at 2421; Martinez, 937 F.2d at 425; Hart v. Stagner, 935 F.2d 1007, 1010 (9th Cir.1991). Hart formulated the harmless error inquiry as follows:
The reviewing court’s task is not to determine whether a reasonable jury could convict on the evidence before it or whether the reviewing court would do so based on the record as a whole. The questions it must answer are much more focused: First, based on the instructions given, what must the jury have found to convict? Second, in making those findings, did it necessarily find all the required elements of the. charged crimes?
Id. at 1011. As a corollary to this test, Hart also concluded that review on appeal is limited to those- portions of the record relating to the facts to which the court’s instruction directed the jury. Id.
Reviewing the portions of the record that support the jury’s conviction on conspiracy, it is clear that the jury necessarily found that overt acts were committed in further- *1527 anee of the conspiracy. The jury instruction error was harmless.
C. Prior Bad Act Evidence
Harrison-Philpot argues that the district court erred in admitting three separate pieces of bad act evidence: (1) Exhibit 18, a letter written by Edmann Craig detailing various threats made and acts committed by Harrison-Philpot; (2) testimony of Richard Locken concerning the appellant’s drug use, infidelity, poor parenting and role in her husband’s death; and (3) a tape recording and transcript of a conversation concerning drug negotiations between Harrison-Philpot, an undercover officer and a confidential informant.
The Craig letter and Locken’s testimony violated Fed.R.Evid. 404(b), and the admission of this evidence was in error. However, an erroneous admission of evidence is harmless if it is more probable than not that its admission did not affect the jury’s verdict. United States v. Brown, 880 F.2d 1012, 1016 (9th Cir.1989). Harrison-Philpot’s own testimony concerning her activities was sufficient to permit the jury to convict her of conspiracy.[5]
At trial, the prosecution introduced a tape recording and transcript of drug negotiations between Harrison-Philpot and an undercover agent. Harrison-Philpot argues that the admission of this evidence violated Rule 404(b).[6] She contends that the recording indicates the discussion of trafficking was mere posturing designed to help her find drugs for her personal use, and that the evidence is therefore both minimally relevant to the charges and highly prejudicial. A more likely interpretation of the transcript is that Harrison-Philpot’s statements are relevant to her knowledge of and role in the distribution scheme.[7] This evidence satisfies the test for admissibility under Rule 404(b), see Bibo-Rodri-guez, 922 F.2d at 1400, and it was not error to admit the recording and transcript into evidence.
D. Prosecutorial Misconduct
We have examined the record and find no evidence to support Harrison-Philpot’s claim of prosecutorial misconduct requiring reversal.
E. Denial of Motion for Appointment of New Counsel
After she was convicted by the jury, Harrison-Philpot requested the district court appoint new counsel to move for a new trial. The district court denied her request. Harrison-Philpot did not allege that her trial counsel’s supposed deficiencies prejudiced her defense. See Strickland v. Washington, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984). The district court did not err in denying Harrison-Philpot’s request for the appointment of new counsel.
III
The judgment of the district court is hereby AFFIRMED in part, VACATED in part and REMANDED for resentencing.

. Other circuits have cited Kikumura approvingly in dicta only. See United States v. Kwong-Wah, 966 F.2d 682, 687 (D.C.Cir.1992), cert. denied, — U.S. —, 113 S.Ct. 287, 121 L.Ed.2d 213 (1992); United States v. Trujillo, 959 F.2d 1377, 1382 (7th Cir.1992), cert. denied, — U.S. —, 113 S.Ct. 277, 121 L.Ed.2d 204 (1992); United States v. Townley, 929 F.2d 365, 369-70 (8th Cir.1991); United States v. St. Julian, 922 F.2d 563, 569 n. 1 (10th Cir.1990).

. "We hold that the clear and convincing standard is, under these circumstances, implicit in the statutory requirement that a sentencing court 'find' certain considerations in order to justify a departure, 18' U.S.C. § 3553(b), and we reserve judgment on the question whether it is also implicit in the due process clause itself.” Kikumura, 918 F.2d at 1102.

. No physical evidence supports the 15 to 49.9 kilogram estimate. It is based primarily on the suspicions of law enforcement personnel and confidential informants. In addition, the pre-sentence report’s estimate exceeds the quantity of cocaine proved in the distribution counts by at least a factor of 220- This would support a sentence approximately seven times greater than a sentence supported by the quantity proved in the distribution convictions.

. The conspiracy instruction, Instruction No. 10, reads in part:
To establish [conspiracy], the government must prove two elements beyond a reasonable doubt:
First: that there was an agreement to distribute cocaine starting sometime around March 9, 1988;
Second: that the defendant joined that conspiracy sometime on or before March 9, 1988.
The district court also gave the following instruction:
You will note the Superseding Indictment charges that the offense was committed “on or about” a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.
Harrison-Philpot does not challenge this instruction, Instruction No. 19. Indeed, counsel expressly endorsed it several times in the closing argument. Her challenge thus focuses exclusively on Instruction No. 10, and specifically the language “sometime around” and "sometime on or before.”

. The same reasoning applies to Harrison-Phil-pot's claim that the letter was inadmissible hearsay. The letter is hearsay, and because it was not written sufficiently contemporaneously with the threat, it does not fall within the present sense impression exception of Rule 803(1). Nonetheless, improper admission of hearsay evidence is subject to the harmless error rule, United States v. Tafollo-Cardenas, 897 F.2d 976, 979 (9th Cir.1990), and it is more probable than not that the letter did not affect the verdict.

. In light of this court’s recent decision confirming that Rule 404(b) applies to other act evidence regardless of whether it occurred before or after the alleged offense, see United States v. Bibo-Rodriguez, 922 F.2d 1398, 1400 (9th Cir.), cert. denied, — U.S. — , 111 S.Ct. 2861, 115 L.Ed.2d 1028 (1991), Harrison-Philpot has abandoned her argument that the Rule applies only to prior bad act evidence.

. The judge instructed the jury that it could consider the other act evidence "only to prove defendant’s state of mind, that is, that the defendant acted with the necessary intent and not through accident or mistake.” (Instruction No. 28).