21 F.3d 1117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel Guerra GAMBOA, Defendant-Appellant.
 No. 93-50337.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1994.*
Decided April 11, 1994.
 
 Before: HALL, LEAVY, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Manuel Guerra Gamboa appeals his conviction for distribution of methamphetamine, possession of methamphetamine with intent to distribute, and conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Gamboa also appeals his sentence. We affirm.
 
 
 3
 * Gamboa claims that the district court erroneously refused to give his entrapment instruction. "A defense of entrapment is established if the defendant was (1) induced to commit the crime by a government agent and (2) not otherwise predisposed to commit the crime." United States v. Kessee, 992 F.2d 1001, 1003 (9th Cir.1993). "A defendant must present evidence on both elements of the defense, but only 'slight evidence is needed to create a factual issue and get the defense to the jury.' " United States v. Sotelo-Murillo, 887 F.2d 176, 179 (9th Cir.1989) (citations omitted).
 
 
 4
 The standard of review for a district court's refusal to give a requested jury instruction is subject to conflicting precedent in this circuit, with some cases applying the abuse of discretion standard and others applying de novo review. United States v. Sitton, 968 F.2d 947, 959 (9th Cir.), cert. denied, 113 S.Ct. 478 (1992). We need not resolve the conflict because applying either standard, we conclude that Gamboa was not entitled to an entrapment instruction.
 
 
 5
 Gamboa argues the entrapment instruction was warranted because the government relied in large part on the testimony of an informant whose credibility Gamboa challenged extensively at trial. Gamboa maintains that because the jury could conclude the informant was lying they could also imagine that the circumstances surrounding the transaction included efforts by the informant to overcome Gamboa's will through repeated references to their friendship. See United States v. Simas, 937 F.2d 459, 462 (9th Cir.1991) (inducement includes "repeated and persistent solicitation" or "persuasion" which overcomes the defendant's reluctance).
 
 
 6
 We do not find that a challenge to a witness's credibility constitutes evidence on either inducement or predisposition, particularly in this case. The government did not rely solely on the uncorroborated testimony of a single witness. The government presented numerous tapes of conversations between the informant and Gamboa. During these conversations Gamboa demonstrated an extensive knowledge of the drug industry. For example, he used code words for narcotics, expressed his opinion that one type of ephedrine, German No. 5, was inferior to another, China White, and referred to people "cooking" in the hills.
 
 
 7
 Furthermore, even if the informant approached Gamboa regarding the transactions underlying his conviction, that does not alter our conclusion. "[T]he entrapment defense is of little use [where an agent deployed to stop the traffic in illegal drugs offers the opportunity to buy or sell drugs and the offer is accepted] because the ready commission of the criminal act amply demonstrates the defendant's predisposition." Jacobson v. United States, 112 S.Ct. 1535, 1541 (1992). There was no evidence at trial that Gamboa balked in the least at the informant's offers, much less to the degree necessary for us to conclude that Gamboa created an issue for the jury on the question of predisposition or inducement. Accordingly, the district court did not err in refusing to instruct the jury on the defense of entrapment.
 
 II
 
 8
 Gamboa contends that the district court erred in calculating his base offense level. The district court converted the five barrels of ephedrine purchased by Gamboa to its methamphetamine equivalent. Using this figure, the district court consulted the Drug Quantity Table of Sec. 2D1.1 to arrive at Gamboa's base offense level. Gamboa argues that the district court erred in assuming that he intended to use all of the ephedrine to manufacture methamphetamine because it was not clear that he had either the means or the skill to manufacture any methamphetamine.
 
 
 9
 Section "2D1.1 covers a conspiracy to manufacture methamphetamine with intent to distribute." United States v. Myers, 993 F.2d 713, 716 (9th Cir.1993). "Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." U.S.S.G. Sec. 2D1.1, comment. (n. 12); see also United States v. Bertrand, 926 F.2d 838, 846 (9th Cir.1991) (sentencing court may calculate "potential" methamphetamine based on available ephedrine).
 
 
 10
 Gamboa contends that the district court erred in basing the amount of finished drugs for sentencing purposes on the quantity of one precursor chemical in his possession. Gamboa relies primarily on United States v. Perrone, 936 F.2d 1403, 1417 (2d Cir.1991). In that case, however, the defendant was not convicted of conspiracy to manufacture methamphetamine but of possession of a listed chemical with intent, knowledge or reasonable cause to believe that the chemical will be used to manufacture cocaine. The Second Circuit concluded that in such circumstances it is reversible error for the sentencing court not to make findings with regard to what the defendant actually knew, understood or reasonably could have foreseen as to the amount of drugs the chemicals could create. Perrone, 936 F.2d at 1417. Moreover, that court stated that it was "not holding that a court can never reach a reliable estimate as to quantity on the basis of some drug ingredients if other ingredients are missing." Id. at 1419. Thus, neither seizure of a working laboratory nor possession of each precursor chemical required to produce the narcotic is a prerequisite to basing a defendant's sentence on the "potential" narcotic obtainable from a precursor chemical. See Bertrand, 926 F.2d at 846-47 (approving conversion when laboratory is dismantled and one precursor chemical was not present). Rather, the inquiry is a factual one.
 
 
 11
 In this appeal, we find that the government carried its burden of proof as to Gamboa's intent and ability to use all of the ephedrine to manufacture methamphetamine. See United States v. Harrison-Philpot, 978 F.2d 1520, 1522 (9th Cir.1992), cert. denied, 113 S.Ct. 2392 (1993) (government has burden of establishing quantity of drugs under Sec. 2D1.1 by preponderance of evidence). Gamboa was convicted of conspiracy to manufacture methamphetamine. The government presented evidence that (1) Gamboa talked about people in the "hills cooking," indicating his involvement in a drug manufacturing operation; (2) Gamboa tested the ephedrine by burning it on tinfoil, a technique utilized by those experienced in the drug business; (3) Gamboa had access to large quantities of methamphetamine, producing over thirty pounds of the narcotic, an amount even his attorney admitted was substantial; and (4) Gamboa initially expressed an interest in purchasing three times the amount of ephedrine upon which his sentence was ultimately based. Given these facts, we cannot conclude the district court committed clear error. See Bertrand, 926 F.2d at 846 (review capability of a drug operation for clear error).
 
 
 12
 The decisions of the district court are AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3