53 F.3d 341
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gilbert VEGA, et al., Defendants,
and
William Thomas PLANTE, Defendant-Appellant.
 No. 94-30315.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided May 5, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Thomas Plante appeals his 120-month sentence imposed following the entry of a guilty plea to conspiracy to distribute cocaine, in violation of 21 U.S.C. Secs. 841(b)(1)(A) and 846. Plante contends that the district court failed to specify the corroborating facts relied upon in accepting an informant's testimony concerning the quantity of cocaine involved and failed to make adequate written findings regarding substantial factual disputes as required by Fed.R.Crim.P. 32(c)(3)(D). We have jurisdiction under 28 U.S.C. Sec. 1291 and vacate and remand.
 
 
 3
 Plante contends that the district court erred in sentencing him based on unreliable information. Specifically, Plante contends that the district court failed to specify the corroborating facts relied upon in accepting an informant's testimony concerning the quantity of cocaine attributable to Plante. These contentions have merit.
 
 
 4
 We review the interpretation of the Sentencing Guidelines de novo. United States v. Williams, 41 F.3d 496, 498 (9th Cir.1994). Factual findings in the sentencing phase are reviewed for clear error. Id.
 
 
 5
 The quantity of drugs for which a defendant is responsible is determined by the court at sentencing. United States v. Harrison-Philpot, 978 F.2d 1520, 1523 (9th Cir.1992), cert. denied, 113 S.Ct. 2392 (1993). The government has the burden of proving by a preponderance of the evidence the quantity of drugs for which a defendant is responsible. Id. at 1523-24.[1]
 
 
 6
 A district court may adopt the factual findings of the presentence report, but the court may not adopt conclusory statements unsupported by facts or the Guidelines. United States v. Naranjo, No. 93-10732, slip op. 3961, 3972 (9th Cir. Apr. 10, 1995); Williams, 41 F.3d at 499. A trial court violates a defendant's due process rights by relying upon materially false or unreliable information at sentencing. United States v. Hanna, No. 93-30457, slip op. 2679, 2689 (9th Cir. Mar. 9, 1995) (reversing sentence where district court relied on co-defendant's uncorroborated and unreliable allegations); United States v. Petty, 982 F.2d 1365, 1369 (9th Cir.), amended, 992 F.2d 1015 (9th Cir.1993), cert. denied, 114 S.Ct. 683 (1994). While a sentencing court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, the information must have sufficient indicia of reliability to support its probable accuracy. Hanna, slip op. at 2689-90 n. 11 (citing U.S.S.G. Sec. 6A1.3(a)); Williams, 41 F.3d at 499. If the district court violates a defendant's due process rights by sentencing him or her based on unreliable information, the sentence must be vacated. Hanna, slip op. at 2692; Williams, 41 F.3d at 502.
 
 
 7
 Here, Plante pleaded guilty but expressly disagreed as to the amount of cocaine upon which his sentence should be based. Plante admitted that he sold three kilograms of cocaine to Ed Hoose but denied any further cocaine transactions. The government argued that Plante sold more than five kilograms of cocaine because he sold an additional three kilograms of cocaine to Gregory Kruse.
 
 
 8
 The district court conducted an evidentiary hearing in which the sole witness was Gregory Kruse. At sentencing, the district court recognized that Kruse's testimony alone was unreliable due to the inconsistencies in his testimony. See Hanna, slip op. at 2691-92. The district court, however, concluded that Kruse's testimony was credible since other corroborating facts supported a finding that Plante was responsible for more than five kilograms of cocaine. See Petty, 982 F.2d at 1369. The district court then sentenced Plante to the mandatory minimum sentence of 120 months imprisonment.
 
 
 9
 Because the district court failed to make specific findings on the record, we are uncertain as to what corroborating facts the court relied on in determining that Plante had knowledge of or could reasonably foresee the distribution of more than five kilograms of cocaine. Compare Naranjo, slip op. at 3976 (remanding for resentencing where district court failed to make specific findings on record as to what facts it relied upon in finding defendant predisposed to cocaine trafficking) with Petty, 982 F.2d at 1369 (district court listed numerous corroborating facts in support of co-conspirator's statements). Possibly the district court relied on statements in the presentence report made by co-conspirators Clifford Totty and Tyler Cummings. Plante objected to these statements prior to sentencing but the district court summarily overruled Plante's objections. Although hearsay statements may be considered at sentencing, due process requires that such statements bear some minimal indicia of reliability. See Williams, 41 F.3d at 499-501 (vacating sentence where district court merely adopted government's recommendation without offering any reason for accepting hearsay statement); Petty, 982 F.2d at 1370 (extrinsic corroborating evidence provided minimal indicia of reliability for hearsay statement). If the district court relied on these hearsay statements to corroborate Kruse's testimony, it is unclear whether there were minimal indicia of reliability. See Williams, 41 F.3d at 500 (neither presentence report, sentencing recommendation, nor court dealt with circumstances surrounding hearsay statements).
 
 
 10
 Aside from statements made by Plante's co-conspirators, the record does not reflect other corroborating facts that would support the district court's determination that Plante was responsible for more than five kilograms of cocaine.[2] At sentencing, the government argued that in addition to the co-conspirators' statements the following facts corroborated Kruse's testimony: Kruse consistently identified Plante as a drug supplier; Kruse failed to implicate co-conspirators other than Plante even though Kruse had the opportunity; and a note found in Plante's house contained the name and phone number of Bradley's primary cocaine supplier, Augustin Nava. Since the district court found that there were "other corroborating facts" in addition to Kruse's inconsistent testimony, the government's reliance on Kruse's corroboration of his own testimony does not appear to support the district court's findings. Cf. Petty, 982 F.2d at 1369 (numerous corroborating facts supported district court's finding on drug quantity). Additionally, even if Plante had Augustin Nava's phone number, this fact offers little corroboration for the finding that Plante was responsible for a certain quantity of cocaine. See id.
 
 
 11
 Thus, because the district court failed to provide factual findings on the record, we are unable to ascertain what corroborating facts it relied upon in finding that Kruse's testimony was credible. See Naranjo, slip op. at 3976; Petty, 982 F.2d at 1369. Accordingly, we vacate and remand to the district court for resentencing with instructions to provide specific factual findings to support its ruling that other corroborating facts demonstrate that Plante was responsible for selling more than five kilograms of cocaine. See Naranjo, slip op. at 3977.[3]
 
 
 12
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Plante argues that a clear and convincing standard should apply in his case because the sentencing factors have an extremely disproportionate impact on his sentence. This case, however, does not present facts which would warrant a heightened standard of proof. See Harrison-Philpot, 978 F.2d at 1523-24 (explaining that preponderance of evidence standard applies to determination of quantity of drugs involved in conspiracy)
 
 
 [2]
 At sentencing, the government also referred to a statement by Hal Bradley that indicated that Plante "was dealing over five kilograms of cocaine." The government, however, did not call Hal Bradley as a witness at the evidentiary hearing. In addition, the presentence report does not refer to any statement by Hal Bradley. Thus, the government's reference is unclear
 
 
 [3]
 Since we are unable to determine what corroborating facts the district court relied upon, we need not address Plante's remaining arguments concerning the district court's reliance on Kruse's testimony at the trial of two co-defendants and the district court's failure to make written findings in compliance with Fed.R.Crim.P. 32