87 F.3d 1323
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Todd Michael ARNEY, Defendant-Appellant.
 No. 95-30090.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1996.*
Decided June 17, 1996.
 
 Before: CHOY, SNEED, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Todd Michael Arney appeals his conviction pursuant to 18 U.S.C. § 922(g) for being a felon in possession of a firearm. The defendant contends that: (1) the district court abused its discretion by admitting a federal agent's opinion testimony to impeach the credibility of a key defense witness; and (2) the admission of the opinion testimony was not harmless error because it deprived him of a fair trial. We affirm.
 
 DISCUSSION
 
 3
 Defendant argues that Agent Heller's testimony, which impeached the credibility of defense witness Ms. Dewan, was impermissible opinion evidence. See Fed.R.Evid. 608. The government argues this testimony was merely evidence of a prior inconsistent statement made by Ms. Dewan. See Fed.R.Evid. 613. However, we need not determine the appropriate characterization of the testimony because even if its admission was improper, the error was harmless.
 
 
 4
 Evidence improperly admitted must be reviewed for harmless error. United States v. Makhlouta, 790 F.2d 1400, 1402 (9th Cir.1986). An erroneous admission of evidence is harmless if it is more probable than not that its admission did not effect the jury's verdict. United States v. Brown, 880 F.2d 1012, 1016 (9th Cir.1989).
 
 
 5
 Here, any possible error in the admission of Agent Heller's impeachment testimony was harmless because there was overwhelming additional evidence to support Arney's conviction. If Agent Heller had not testified that he doubted Ms. Dewan's veracity, but merely testified that she gave him two conflicting statements, then the evidence would have been admissible. Agent Heller's testimony that he did not believe Ms. Dewan certainly did not damage her credibility to a greater degree than the damage already done by the fact that she made two inconsistent statements. Because Dewan was properly impeached with a prior inconsistent statement it is improbable that the admission of Agent Heller's statement effected the jury's verdict.
 
 
 6
 Additionally, the other evidence of the defendant's guilt was significant. Testimony from various airport personnel indicate Arney had actual knowledge there was a gun in his bag. Ms. Maxwell, the security screener, testified that Arney stated he "forgot to check it in." When Security Supervisor Carino asked the defendant if there was anything in the bag he wanted to tell her about, he ultimately stated, "Oh, I know I had a .22 pistol in my bag. If you want, I can go back and check it in." Moreover, Officer Nesvick testified that Arney said that he had a gun for "target practice and had forgotten to check the weapon in."
 
 
 7
 Accordingly, even if Dewan's credibility was impeached by Agent Heller, it is more probable than not that its admission did not effect the jury's verdict. Irrespective of Agent Heller's opinion, Dewan's testimony was impeached by her own prior inconsistent statement. Furthermore, there was ample evidence to uphold conviction based on Arney's inculpatory statements alone. See United States v. Harrison-Philpot, 978 F.2d 1520, 1527 (9th Cir.1992) (holding that defendant's own inconsistent testimony concerning her activities was sufficient to permit jury to convict her of conspiracy), cert. denied, --- U.S. ----, 113 S.Ct. 2392 (1993).
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3