122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald CONSTABLE, Defendant-Appellant.
 No. 96-30326.
 United States Court of Appeals, Ninth Circuit.
 Aug. 26, 1997.
 
 Appeal from the United States District Court for the District of Montana Charles C. Lovell, District Judge, Presiding
 Before: HUG, Chief Judge, PREGERSON and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The parties are familiar with the factual and procedural history and we will not recount it here except as necessary to clarify our decision.
 
 
 3
 The district court correctly determined that Constable had a reasonable expectation of privacy only in the bedroom area of the upstairs portion of the Vandekop Cabin. A reasonable expectation of privacy must be demonstrated by showing an actual subjective expectation of privacy which society is prepared to recognize. United v. States v. Davis, 932 F.2d 752, 756 (9th Cir.1996). At oral argument, the government conceded that Constable had an actual subjective expectation of privacy in the entire upstairs area. Thus, we must examine whether that is an expectation which is objectively reasonable. Society does not recognize a cotenant's expectation of privacy in a common area when another cotenant consents to a warrantless search of that common area. See, e.g., United States v. Kelly, 953 F.2d 562, 566 (9th Cir.1996). The district court determined that the office area was a common area. We review this finding for clear error. United States v. Kim, 105 F.3d 1579, 1581 (9th Cir.1997). This means that we must have a "definite and firm conviction that a mistake has been committed." Concrete Pipe & Prod. v. Construction Laborers Pension Trust, 508 U.S. 602, 623 (1993). The fact that the undercover officer had been shown the area, had been sent there to retrieve materials from storage by the owner, and had not been instructed it was private, is sufficient to sustain the district court's common area finding, although the matter was contested.
 
 
 4
 The application for the search warrant is problematic because none of the described items independently establish probable cause, as the government conceded at oral argument. We review a district court's determination of probable cause in a case with a redacted affidavit de novo. United States v. Huguez-Ibarra, 954 F.2d 546, 551 (9th Cir.1992). In cases involving redacted affidavits, we owe no deference to the judge making the original determination of probable cause. United States v. Grandstaff, 813 F.2d 1353, 1355 (9th Cir.1987). Although this case presents a close question, given the totality of the circumstances, we sustain the district judge's probable cause determination.
 
 
 5
 Although we are troubled by the execution of the search warrant, we agree with the district court that the evidence discovered during the search should not be suppressed. Law enforcement may search all items that legitimately might contain the objects specified in the warrant. United States v. Disla, 805 F.2d 1340, 1346 (9th Cir.1986). Thus, because the army sack and drawers were sufficiently large to house boots and shoes, the execution did not exceed the scope of the warrant. Horton v. California, 496 U.S. 128 (1990). An examination of a photograph taken at the scene shows that the tupperware container which held nails was open and therefore legitimately searched and seized. If it had not been in plain view, suppression of the nails which matched those found in the "spiked" trees would have been appropriate. Accordingly, we find no error in the district court's denial of Constable's suppression motion.
 
 
 6
 We also agree with the district court that the "Earth First!" literature was relevant to establish motive and was therefore properly admitted. Foundation for admission of the book "Hayduke Lives" was weak given that the testifying officer had not read the novel, but given our deference to the district court on evidentiary rulings, we find no reversible error in admission of the book.
 
 
 7
 The district court clearly erred in admitting the letter containing a salutation to "Ron The Tree Spiking Renegade." It was hearsay and the government failed to articulate any credible exception to the hearsay rules. The district court admitted the letter to show "motive and identity." However, Constable's identity was undisputed and the letter lacked sufficient foundation to establish motive. The letter's author did not testify and there was no other evidence of reputation as required under Rule 803(21), Fed.R.Evid.. In addition, the letter itself comprised a friendly exchange of news between old fraternity brothers. "However, an erroneous admission of evidence is harmless if it is more probable than not that its admission did not affect the jury's verdict." United States v. Harrison-PhilDot, 978 F.2d 1520, 1527 (9th Cir.1992). Given the other evidence of motive, we find this error to be harmless in the context of the trial.
 
 
 8
 The district court did not abuse its discretion in giving a two point sentencing adjustment for more than minimal planning under USSG § 1B1.1. The district court determined that: (1) the defendant had visited the crime scene more than once; (2) the crime scene was located two miles beyond a locked gate; (3) the defendant had to travel 20 miles from home to get to the crime scene; (4) the plaster casts of Constable's footprints indicated that he had tried to avoid detection by putting socks over his hiking boots; and (5) Constable had to plan ahead in order to carry the nails, tools and spray paint to the crime scene. Although all of these factors were based on crime scene circumstantial evidence alone, they are sufficient to sustain the district court's finding.
 
 
 9
 Because we find no reversible error, we affirm the judgment of the district court.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3