UNITED STATES of America, Plaintiff—Appellee,

v.

Ronald HOLMES, Defendant—Appellant.

No. 01–50244.

D.C. No. CR–98–01025–CM–1.

United States Court of Appeals, Ninth Circuit.

Submitted April 3, 2002.\*

Decided April 24, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before PREGERSON and TROTT, Circuit Judges, and FITZGERALD, District Judge.**

MEMORANDUM ***

Ronald Holmes ("Holmes") appeals the 40–year sentence imposed by the district court following his guilty plea to a one-count indictment charging conspiracy to manufacture and distribute methamphetamine ("meth") in violation of 21 U.S.C. §§ 841(a)(1) and 846. Holmes alleges that the district court denied him due process by using the preponderance of the evidence standard to determine sentencing enhancements which had an extremely disproportionate effect on his sentence. Reviewing the constitutionality of Holmes's sentence de novo, *United States v. Johansson*, 249 F.3d 848, 853 (9th Cir.2001), we hold that the district court was required to determine the enhancements under the clear and convincing evidence standard. Accordingly, we vacate his sentence and remand for resentencing.

I Holmes's Base Offense Level

Holmes's admission to conspiring to sell 439 grams of "ice," a purified form of meth, triggered an offense level of 34 under the Sentencing Guidelines. United States Sentencing Guidelines Manual ("U.S.S.G.") § 2D1.1(c)(3) (Nov.1998).[1] The district court adjusted Holmes's base offense level to 38 to account for additional drug transactions which it determined by a preponderance of the evidence. *See* U.S.S.G. §§ 1B1.3, cmt. n. 2, 2D1.1 cmt. n. 12.

** The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. All Guidelines references are to the November 1, 1998 manual in force at the time of Holmes's sentencing.

This Court has never wavered in affirming the use of the preponderance standard at sentencing to calculate a defendant's base offense level for drug offenses. *See, e.g., United States v. Sanchez,* 967 F.2d 1383, 1387 (9th Cir.1992); *United States v. Restrepo,* 946 F.2d 654, 661 (9th Cir.1991) (en banc). Indeed, we do not regard the increase in Holmes's offense level due to his additional drug activity as an "enhancement." *See United States v. Harrison–Philpot,* 978 F.2d 1520, 1523 (9th Cir.1992) (holding that a six-fold increase in sentence "involve[d] no 'enhancement' of sentence" because "Harrison–Philpot was charged and convicted of conspiracy; the extent of the conspiracy caused the tremendous increase in her sentence"). Thus, the district court properly employed the preponderance standard to calculate Holmes's base offense level.

## II  Eight–Level Enhancement To Holmes's Base Offense Level

Apart from accounting for Holmes's additional drug activity, the district court applied three sentencing enhancements—for weapons possession, organizing role in the charged offense, and obstruction of justice—which boosted Holmes's sentencing level by eight levels. U.S.S.G. §§ 2D1.1(b)(1), 3B1.1(a), 3C1.1. Where, as here, a defendant challenges multiple sentencing enhancements, we consider their impact in the aggregate rather than individually. *United States v. Jordan,* 256 F.3d 922, 926 (9th Cir.2001). Without these enhancements, Holmes faced a sentencing range of 155 to 235 months—reflecting a criminal history Category of I and a base offense level of 36.[2] U.S.S.G. Ch. 5 Pt. A (Sentencing Table). The eight-level enhancement resulted in a 480 month sentence, more than double the maximum possible sentence under the initial guideline range.

Where a defendant has been subjected to at least a seven-level enhancement which more than doubled the initially applicable guideline range, this Court has consistently required determination of those enhancements by clear and convincing evidence. *See Jordan,* 256 F.3d at 929; *United States v. Munoz,* 233 F.3d 1117, 1127 (9th Cir.2000); *United States v. Mezas de Jesus,* 217 F.3d 638, 643 (9th Cir. 2000); *United States v. Hopper,* 177 F.3d 824, 833 (9th Cir.1999). Because Holmes satisfies these criteria, we hold that the district court erred in applying a preponderance of the evidence standard at sentencing.

## III  Plain Error

Holmes did not object at sentencing to the district court's use of the preponderance standard in determining the three enhancements. Thus, we review the district court's use of this standard for plain error. Fed. R.Crim. Pro. 52(b); *Jordan,* 256 F.3d at 926 n. 2, 929. We only correct an error not objected to at trial where the error (1) is plain, (2) affects substantial rights, and (3) "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Jordan,* 256 F.3d at 926. To conclude that application of the wrong standard of proof affected Holmes's substantial rights, the error "must have been prejudicial: It must have affected the outcome of the proceedings." *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). We have observed that "where ... the district court applied the wrong standard of proof, we must necessarily conclude that the fairness and integrity of the proceeding is threatened." *Jordan,* 256 F.3d at 932. Here, the district court plainly erred by

**2.** Holmes's base offense level of 38 minus two     levels for acceptance of responsibility.

failing to apply the clear and convincing standard to enhancements that resulted in the aggregate in an extremely disproportionate effect on Holmes's sentence. *Id.* at 930.

Further, we believe this error affected Holmes's substantial rights to due process because as we view the record, it is far from clear that the enhancements are supported by clear and convincing evidence. The enhancements for organizing role and obstruction of justice, for example, were based largely on trial testimony from co-conspirators who received favorable consideration from the government in return for their testimony.[3] According to the law of this Circuit, the testimony of a co-conspirator who receives benefits in exchange for his cooperation raises sufficient doubts of credibility to entitle the defendant to an instruction warning the jury about the co-operating witness's motivation. *See* Ninth Circuit Model Jury Instructions—Criminal, § 4.10 cmt. (West 2000) ("The defendant is entitled to this instruction when the witness has gathered information 'in an undercover capacity for the government' or has been paid, given promises or advantageous treatment, or has received other benefits for the information."); *id.* § 4.11. "The concern expressed in the[se] jury instruction[s] ... is that a citizen who receives compensation in exchange for information may have been motivated to come forward by personal gain and not "some independent law enforcement purpose." *United States v. Holmes,* 229 F.3d 782, 7876 (9th Cir.2000) (quoting *Guam v. Dela Rosa,* 644 F.2d 1257, 1259–60 (9th Cir.1980) (per curiam)).[4] Though District Judge Moreno stated that he found the testimony credible, we cannot say on review that it was sufficiently credible to satisfy a heightened standard of proof; as an appellate court, "we are in no position to make a credibility assessment on a cold record." *Id.* We have recognized that "[a] guideline system that prescribes punishment for unconvicted conduct at the same level of severity as convicted conduct obliges us to proceed carefully." *United States v. Scheele,* 231 F.3d 492, 498 (9th Cir.2000). This admonition is particularly apt here, where Holmes is unlikely to survive the enhanced sentence. Thus, we hold that the district court's failure to apply the proper standard constituted plain error that substantially affected Holmes's rights.

Our considerable doubts about whether the evidence supported the enhancements under the clear and convincing standard lead us to believe that the fairness and integrity of Holmes's sentence may well have been compromised. *See Jordan,* 256 F.3d at 931. Accordingly, we exercise our discretion to recognize the error.

Because Judge Moreno is no longer on the federal bench, the district court in charge of resentencing shall conduct a new evidentiary hearing to consider which enhancements, if any, are supported by clear and convincing evidence.

VACATED and REMANDED for re-sentencing.

---

3. The enhancement for weapons possession during the offense, however, was based on physical, rather than testimonial, evidence. This enhancement was supported by clear and convincing evidence and should not be reconsidered on remand by the district court.

4. This case from 2000 involved a different Holmes—Charles Holmes, aka Slim—than the one presently before this Court.