**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Susana CRUZ, Defendant—Appellant.**

**No. 03–35873.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2005.*

Decided Sept. 16, 2005.

See also, 2005 WL 2243113.

Richard L. Pomeroy, Esq., USAK–Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Meredith A. Ahearn, Esq., Hagans, Ahearn, Mclaughlin, Webb, Anchorage, AK, for Defendant–Appellant.

Before: GOODWIN, BRUNETTI, and W. FLETCHER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

**640**

MEMORANDUM **

Susana Cruz appeals the district court's denial of her petition for a writ of habeas corpus, filed under 28 U.S.C. § 2255. Cruz argues that she was denied effective assistance of counsel. The facts are recited in a separate published disposition addressing Cruz' challenge to her sentence under *United States v. Booker,* ––– U.S. –––, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Cruz,* 423 F.3d 1119 (9th Cir.2005).

■■ Cruz did not meet the standard articulated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for showing that the assistance she received was both deficient and prejudicial. She argues that trial counsel failed adequately to oppose the drug quantity attributed to her at sentencing; failed adequately to marshal evidence in favor of her alibi defense; and failed to put her on the stand. Each of these arguments is meritless. Trial counsel did object, both through written objections and at the sentencing hearing, to the drug quantity attribution contained in the Presentence Report and adopted by the district court. Cruz' own testimony at sentencing, and along with videotape evidence presented to the jury, seriously undermined her proposed alibi defense. The decision not to put a defendant on the stand may be strategic and is not necessarily ineffective assistance. *See, e.g., Burger v. Kemp,* 483 U.S. 776, 791, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987); *Dows v. Wood,* 211 F.3d 480, 487 (9th Cir.2000). Cruz does not put forth a convincing reason why failure to put her on the stand was actually injurious to her defense.

■■ Cruz also argues that trial and appellate counsel were deficient in failing to argue that the drug quantity employed by the district court in calculating her sentence should have been established by "reliable evidence." *United States v. Hopper,* 177 F.3d 824 (9th Cir.1999), and *United States v. Restrepo,* 946 F.2d 654 (9th Cir. 1991), dealt with the standard of proof required for drug quantities used in sentencing but not proved at trial. Counsel's failure to advance an argument based on *Restrepo* and *Hopper* was not a deficiency of constitutional magnitude. *See United States v. Harrison–Philpot,* 978 F.2d 1520 (9th Cir.1992) (limiting the *Restrepo* rule to drug quantities associated with uncharged conduct).

The district court's denial of the petition for a writ of habeas corpus is AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.