**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ramon GAYTON–FRANCO,**
**Defendant–Appellant.**

**No. 05–10503.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Decided July 27, 2006.

Barbara B. Silano, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Daniel Horowitz, Esq., Robert Beles, Oakland, CA, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Ramon Gayton–Franco appeals from the 210–month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, or 50 grams or more of methamphetamine, its salts, isomers, salts of its isomers, and possession with intent to distribute 3,686 grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Gayton–Franco contends that the district court abused its discretion by not holding an evidentiary hearing on the issue of how much actual methamphetamine was attributable to him for purposes of U.S.S.G. § 2D1.1(c)(1). The record shows that the district court based its determination of drug purity on a laboratory analysis submitted by the Government. Although the district court provided Gayton–Franco's counsel an opportunity to cross-examine this report at sentencing, she declined to do so. Accordingly, we reject this contention. *See United States v. Harrison–Philpot*, 978 F.2d 1520, 1525 (9th Cir.1992).

■ We also reject Gayton–Franco's contentions that the district court's factual finding concerning drug purity required proof beyond a reasonable doubt, rather than by preponderance of the evidence, because the drug calculations did not increase his sentence above the statutory

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

maximum. *See United States v. Dare*, 425 F.3d 634, 640 (9th Cir.2005).

**AFFIRMED.**