

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50596 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00132-GW-1 |
| v. | |
| RICHARD ANTHONY BIVONA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted February 18, 2011**
Pasadena, California

Before: KLEINFELD and GRABER, Circuit Judges, and ZILLY, Senior District
Judge.***

Defendant Richard Anthony Bivona challenges his sentence of 87 months

imprisonment, as well as the roughly $3 million in restitution he was ordered to

---

\*  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*  The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\*  The Honorable Thomas S. Zilly, Senior United States District Judge
for the Western District of Washington, sitting by designation.

pay. On appeal from his sentence, defendant challenges two of the enhancements on which the district court based the total offense level, namely the enhancements for loss amount and number of victims. With respect to restitution, defendant argues a lesser amount should have been imposed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm both the sentence and the restitution order.

The district court applied the correct burden of proof in calculating the loss amount and number of victims. In general, facts relevant to sentencing must be established by a preponderance of the evidence. United States v. Armstead, 552 F.3d 769, 776 (9th Cir. 2008). Although a "clear and convincing" evidence standard applies when a sentencing factor "has an extremely disproportionate effect on the sentence relative to the offense of conviction," id., we have consistently distinguished between enhancements stemming from the extent of a conspiracy and enhancements arising from uncharged criminal conduct. See United States v. Harrison-Philpot, 978 F.2d 1520, 1523 (9th Cir. 1992); see also Armstead, 552 F.3d at 777; United States v. Riley, 335 F.3d 919, 926 (9th Cir. 2003). These types of enhancements are on "fundamentally different plane[s]," 978 F.2d at 1523, and due process concerns are satisfied by the preponderance of the evidence standard when the enhancements "are based on criminal activity for which the defendant has already been convicted." Armstead, 552 F.3d at 777; see

<u>Riley</u>, 335 F.3d at 926. In this case, the enhancements at issue relate solely to the extent of the conspiracy, and the district court was not required to apply the clear and convincing evidence standard. <u>See</u> <u>Riley</u>, 335 F.3d at 926; <u>see also</u> <u>United States v. Berger</u>, 587 F.3d 1038, 1048-49 (9th Cir. 2009).

Defendant has not established the "clear error" required to reverse the factual findings underlying the district court's sentencing decision. <u>See</u>, <u>e.g.</u>, <u>United States v. Cantrell</u>, 433 F.3d 1269, 1279-80 (9th Cir. 2006) (outlining the standard of review). The gravamen of defendant's appeal is that the district court should not have considered certain hearsay statements. As defendant apparently concedes, however, this evidence, if properly considered, supports the district court's findings concerning the loss amount and the number of victims. Because the evidence had sufficient indicia of reliability, the district court's consideration of the evidence was proper. <u>See</u> U.S.S.G. § 6A1.3(a) (a sentencing court "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probably accuracy"). Defendant's contrary argument, based on <u>Shepard v. United States</u>, 544 U.S. 13 (2005), is unpersuasive. Unlike <u>Shepard</u>, this case does not involve records relating to criminal history, and defendant cites no authority extending <u>Shepard</u>'s ban on the consideration of police

reports outside the context of determining the exact offense for which a defendant was previously convicted.

Because defendant did not object to the amount of restitution, we review for "plain error."  Fed. R. Crim. P. 52(b); see Armstead, 552 F.3d at 776; see also United States v. Zink, 107 F.3d 716, 718 (9th Cir. 1997).  Defendant complains that the amount of restitution imposed by the district court varies from the total reflected on the Government's spreadsheet.  The disparity is easily explained.  The spreadsheet shows a sum of roughly $2.44 million, which reflects losses for the period from 2003 to 2006.  To this amount was added the losses incurred prior to 2003 by three victims, namely the County of Sacramento, Rite Aid, and Bax Global, Inc., to arrive at a figure of $3,057,978.  Thus, defendant has shown no error, let alone "plain error," in the amount of restitution.[1]

**AFFIRMED.**

_____

[1] On appeal, the Government concedes it committed a mathematical mistake that favored defendant by roughly $650 (the sum of the pre-2003 and 2003-2006 losses is actually $3,058,614) and it failed to omit from the restitution figure about $77,000 in payments made by victims who are now unidentifiable.  This slight discrepancy, which was not raised by defendant on appeal, does not constitute "plain error" seriously affecting the "fairness, integrity, or public reputation of judicial proceedings," Zink, 107 F.3d at 718, and the Court declines to remand for redetermination of the restitution amount.