NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-55934 |
| Plaintiff - Appellee, | D.C. Nos. 2:08-cv-05267-WDK |
| v. | 2:06-cr-00216-WDK-1 |
| ROBERT ROBINSON, AKA Bob Cool, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
William D. Keller, Senior District Judge, Presiding

Submitted February 8, 2013[**]
Pasadena, California

Before: O'SCANNLAIN, TROTT, and CLIFTON, Circuit Judges.

Robert Robinson timely raises five challenges to the denial of his § 2255

motion by the district court. We have jurisdiction under 28 U.S.C. §§ 1291 and

2253, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Because Robinson's original appellate counsel decided not to challenge the use of the extrapolation method or the preponderance of the evidence standard on direct appeal, his first two claims have been procedurally defaulted. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). Robinson does not attempt to demonstrate cause and prejudice to excuse this default, as he must. United States v. Frady, 456 U.S. 152, 166-67 (1982). Therefore, we reject his first two challenges.

Robinson was not denied his right to effective assistance of counsel at his sentencing or on appeal. The legal arguments he desired his attorneys to make had no reasonable likelihood of success. This court has approved of the extrapolation method, United States v. Lopes-Montes, 165 F.3d 730, 732 (9th Cir. 1999), and Robinson's arguments do not cast doubt on its validity. Furthermore, the preponderance of the evidence standard was the correct standard to apply at his sentencing. United States v. Harrison-Philpot, 978 F.2d 1520, 1523-24 (9th Cir. 1992). Therefore, Robinson's attorneys were not ineffective, and he was not prejudiced by their performance. See Miller v. Keeney, 882 F.2d 1428, 1435 (9th Cir. 1989).

Robinson's inability to pay his trial counsel created only the potential for a conflict of interest. Williams v. Calderon, 52 F.3d 1465, 1473 (9th Cir. 1995). As

2

such, he must show that his attorney's performance was objectively unreasonable and that he was prejudiced as a result. <u>Bonin v. Calderon</u>, 59 F.3d 815, 827 (9th Cir. 1995). Robinson cannot demonstrate prejudice in the face of the overwhelming evidence of his guilt and the reduced sentence he received.

**AFFIRMED.**