**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas Lavell McCLAIN,**
**Defendant–Appellant.**

**No. 93–10338.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 18, 1994 *.

Decided July 26, 1994.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Candace A. Fry, Sacramento, CA, for defendant-appellant.

Laurel D. White, Asst. U.S. Atty., Sacramento, CA, for plaintiff-appellee.

Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.

PER CURIAM:

Thomas Lavell McClain appeals his 97–month sentence imposed following entry of a guilty plea to possession of cocaine hydrochloride and cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and use of firearms during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c). McClain contends that the district court erred by denying him a downward adjustment for acceptance of responsibility. McClain also contends that the district court failed to make findings on alleged inaccuracies in the presentence report. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I

Acceptance of Responsibility

■ The district court granted McClain a two-level downward adjustment under section 3E1.1(a) of the Sentencing Guidelines for acceptance of responsibility, but denied McClain's request for an additional one-level adjustment under section 3E1.1(b)(2) because the government had prepared for trial.

McClain argues that that finding was erroneous. We disagree.

■ We review for clear error the factual findings underlying a district court's denial of the acceptance of responsibility adjustment. *United States v. Colussi,* 22 F.3d 218, 220 (9th Cir.1994).

■ When, as here, a defendant qualifies for the two-level adjustment of section 3E1.1(a) and his offense level was 16 or greater, the district court must consider if the defendant meets the conditions set out in section 3E1.1(b)(2). *See id.* We have recently considered those conditions and stated:

> In order to qualify for an additional one-level reduction under subsection (b)(2), the defendant must notify authorities of his intention to plead guilty early enough to allow "the government to avoid preparing for trial" *and* to permit "the court to allocate its resources efficien[tly]." Efficient allocation of court resources includes efficient scheduling of the court's calendar. In the context of subsection (b)(2), the timeliness of a defendant's decision to plead guilty will necessarily depend on the extent of trial preparation already undertaken prior to the plea and the decision's proximity in time to the trial date. If the Government has already spent considerable time and effort preparing for trial and is at least substantially prepared to present its case, then the decision is not timely enough to promote prosecutorial efficiency or economy.

*United States v. Hopper,* 27 F.3d 378, 385 (9th Cir.1994) (citations omitted). The government bears the burden "to establish to the satisfaction of the district court that it was engaged in meaningful trial preparation when the defendant gave notice of intent to plead guilty." *United States v. Kimple,* 27 F.3d 1409, 1414 n. 5 (9th Cir.1994).

Initially, McClain argues that he satisfied the timeliness component of section 3E1.1(b) by notifying his attorney on November 25, 1992 that he wanted to call the prosecutor.[1]

---

1. Defense counsel delayed placing the call until he returned from a two-week vacation. In the interim, McClain allegedly telephoned the prosecutor, but was told he could not speak to her without his attorney.

Because the Guidelines specify that the defendant must notify the "authorities" of his intention to plead guilty, we conclude that the date on which defense counsel learned of the intention is not determinative. *See* U.S.S.G. § 3E1.1(b). Notifying defense counsel does not advance "the primary purpose in subsection (b) of promoting prosecutorial and judicial economy and efficiency." *See Hopper*, 27 F.3d at 384.

We conclude that the district court did not clearly err by denying the additional one-level adjustment. After ruling on McClain's initial pretrial motions, the district court set a trial date of January 20, 1993. On December 15, 1992, McClain notified the prosecutor that he wanted to discuss a possible plea agreement. The parties scheduled a meeting for January 5, which was later moved to January 7. In the interim, McClain continued to litigate the case by filing a discovery motion on December 29. On January 8, the parties informed the district court that "plea negotiations were underway" and, in response, the district court rescheduled the trial for February 2.

On January 15, McClain continued to pursue his pretrial motion. By the time McClain entered his plea on January 22, the prosecutor had prepared seven subpoenas and had them served. The prosecutor also had planned her exhibits.

Therefore, McClain's continued activity to litigate the case delayed the entry of his plea until eleven days before the scheduled trial date, *see id.* at 385–86 (entering plea 19 days before scheduled trial was untimely), while simultaneously leading the government to believe that it should prepare for trial and the court to believe the case should be calendared for trial, *see Kimple*, 27 F.3d at 1408, 1414–15 (although defendant's exercise of right to file pretrial motions does not preclude the adjustment, defendant may not be entitled to the adjustment if government prepared for trial at the same time it responded to pretrial motions or the court had set the case for trial); *United States v. Stoops*, 25 F.3d 820, 822 n. 1, 823 (9th Cir.1994) (a defendant's pretrial motions bear on the timeliness of the notice of intention to plead guilty).

II

Inaccuracies in Presentence Report

McClain also argues that the district court violated Fed.R.Crim.P. 32(c)(3)(D) by failing to make findings after McClain personally challenged, during his statement to the court, the inclusion of a driving under the influence charge in his criminal history score and the weight of the cocaine used to calculate his offense level. Because the district court expressly adopted the probation officer's resolution of those issues, the district court complied with R. 32(c)(3)(D). *See United States v. Rigby*, 896 F.2d 392, 394 (9th Cir.1990) (findings were adequate when district court stated it agreed with probation officer's position); *see also United States v. Laverne*, 963 F.2d 235, 237 (9th Cir.1992) (no remand necessary when district court explained its reasons for rejecting argument raised during defendant's statement to the court).

**AFFIRMED.**