51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul BLOYER, Defendant-Appellant.
 No. 94-10093.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1994.*
Decided March 22, 1995.
 
 Before: SKOPIL, NORRIS, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Paul Bloyer pled guilty to one count of bank fraud in violation of 18 U.S.C. Sec. 1344 and three counts of wire fraud in violation of 18 U.S.C. Sec. 1343. The district court sentenced him to 24 months in prison, imposed a three-year term of supervised release, and ordered him to pay $82,000 in restitution. Bloyer now appeals.
 
 
 3
 The district court set Bloyer's base offense level at 6. See USSG Sec. 2F1.1. However, the district court increased his base offense level by 7 points pursuant to USSG Sec. 2F1.1(b)(1)(H) (more than $120,000 loss) and added an additional two points pursuant to USSG Sec. 2F1.1(b)(2) (more than minimal planning). Next, the district court made a two-level upward adjustment under USSG Sec. 3C1.1 for obstruction of justice, and it refused a two-level reduction under USSG Sec. 3E1.1 for acceptance of responsibility. With a total offense level of 17, the Sentencing Guidelines recommended a prison term of 24 to 30 months. The district court imposed a 24-month sentence.
 
 A.
 
 4
 Bloyer first challenges his sentence under Fed.R.Crim.P. 32(c)(3)(D). He argues that the district court failed to resolve properly his allegations of factual error in the presentence report. We disagree. Referring both to Bloyer's statements before the bankruptcy court, and the evidence of Bloyer's medical condition, the court stated "I'm inclined to accept the analysis by the United States and the Department of Probation. I find that the obstruction of justice enhancement ... is appropriate." Transcript of sentencing at 16-17. The district court's findings satisfy the requirements of Rule 32. See United States v. McClain, 30 F.3d 1172, 1174 (9th Cir.1994) (per curiam) (district court complied with Rule 32 by expressly adopting probation officer's resolution of factual dispute), cert. denied, 115 S.Ct. 609; United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990) (findings adequate when district court stated it agreed with probation officer's position).[1]
 
 B.
 
 5
 Bloyer next argues that the lies he told his probation officer were immaterial and thus did not justify a two-level adjustment for obstruction of justice under USSG Sec. 3C1.1. We disagree.
 
 
 6
 The Guidelines define material information as "information that, if believed, would tend to influence or affect the issue under determination." USSG Sec. 3C1.1, Applic. Note 5. Thus, a defendant's misrepresentations to a probation officer are material under USSG Sec. 3C1.1 if, among other things, they have the potential to lead to an inaccurate sentence computation. United States v. Baker, 894 F.2d 1083, 1084 (9th Cir.1990).
 
 
 7
 Bloyer's misrepresentations to his probation officer had the potential to lead to an inaccurate sentence computation because they tended to mitigate Bloyer's role in the offense by falsely placing the blame for the scheme on his elderly uncle. E.g. USSG Sec. 3B1.2 (providing reduction for defendants who play a minor role in criminal activity). Our conclusion is not altered by the fact that Bloyer's misrepresentations did not actually result in an inaccurate sentence. Baker, 894 F.2d at 1084 (noting that USSG Sec. 3C1.1 covers attempted obstruction of justice).
 
 
 8
 We also reject Bloyer's argument that he did not "willfully" obstruct or attempt to obstruct justice. The record adequately supports the district court's finding that Bloyer willfully lied to his probation officer in an attempt to obstruct justice. The district court's failure to spell out the rationale for its finding does not alter our conclusion. See United States v. Gardner, 988 F.2d 82, 83 (9th Cir.1993) ("Although a section 3C1.1 enhancement must be premised on willful conduct that has the purpose of obstructing justice, the district court need not specify the reasons for its factual finding of obstruction of justice.") (citing United States v. Marquardt, 949 F.2d 283, 286 (9th Cir.1991)). We find no error in the two-level obstruction of justice enhancement.
 
 C.
 
 9
 Bloyer's final argument is that the district court erred in refusing to reduce his offense level for acceptance of responsibility. See USSG Sec. 3E1.1(a). The district court's finding that Bloyer did not merit a two-level reduction for acceptance of responsibility must stand unless clearly erroneous. United States v. Aichele, 941 F.2d 761, 767 (9th Cir.1991).
 
 
 10
 In the case of a defendant who has received a sentence enhancement for obstruction of justice under USSG Sec. 3C1.1, the district court may not adjust for acceptance of responsibility unless the defendant presents an "extraordinary" case for reduction. USSG Sec. 3E1.1, Applic. Note 4.
 
 
 11
 Bloyer claims that his was an extraordinary case for the acceptance of responsibility reduction because he pled guilty and thereby spared the government the burden of proving its case at trial. This, of course, happens every time a defendant pleads guilty. There is nothing extraordinary about it. There was no error.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bloyer also argues that the district court failed to resolve properly his allegations of factual error in the government's sentencing memorandum. Of course, Rule 32(c)(3)(D), by its terms, applies only to the presentence report. No written factual findings as to Bloyer's dispute with the sentencing memorandum were required. United States v. Hughes Aircraft Co., 20 F.3d 974, 980 (9th Cir.1994), cert. denied, 115 S.Ct. 482. Bloyer also included a legal argument against application of USSG Sec. 3C1.1, yet Rule 32(c)(3)(D) only applies to allegations of factual error