69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric Lamont JACKSON, Defendant-Appellant.
 No. 95-15658.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 1, 1995.
 
 Before: BEEZER, THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Eric Lamont Jackson appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255, and we affirm.
 
 
 3
 Jackson contends that he was denied the effective assistance of counsel because his attorney failed to seek an additional one-point offense level reduction for early acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1(b)(2). He pleaded guilty pursuant to a plea agreement in which he stipulated to a two-point offense level reduction for acceptance of responsibility.
 
 
 4
 To demonstrate ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to establish prejudice in the context of a plea agreement, a defendant must demonstrate that, but for counsel's errors, he would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 5
 Jackson's counsel was not ineffective in failing to seek an additional one-point offense level reduction for early acceptance of responsibility because Jackson was not eligible for the offense level reduction. He did not advise the government of his intent to plead guilty in time to permit the government to avoid preparing for trial. See U.S.S.G. Sec. 3E1.1(b)(2); United States v. McClain, 30 F.3d 1172, 1174 (9th Cir.1994).
 
 
 6
 Moreover, Jackson has not demonstrated that he was prejudiced by counsel's alleged error. He does not allege that, absent counsel's alleged error, he would not have pleaded guilty. See Hill, 474 U.S. at 60.
 
 
 7
 Because the record before the district court conclusively demonstrated that Jackson was entitled to no relief, the district court properly denied his section 2255 motion without an evidentiary hearing. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3