86 F.3d 1158
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Robert L. ARTIC, Defendant-Appellant.
 No. 95-2577.
 United States Court of Appeals, Seventh Circuit.
 Argued April 24, 1996.
Decided May 21, 1996.
 
 Before POSNER, Chief Judge, and COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 On direct criminal appeal, Robert L. Artic challenges his sentence alleging that (1) the district court erred by not reducing his offense level one point for timely accepting responsibility for his crime pursuant to U.S.S.G. § 3E1.1(b), and (2) his counsel was constitutionally deficient for not objecting to the Presentence Investigation Report's finding that his plea agreement was not timely. Mr. Artic is represented by different counsel on appeal.
 
 
 2
 After being caught with a kilogram of cocaine, Antonio Garner agreed to help law enforcement officers arrest his supplier, Robert Artic. The officers recorded telephone conversations between Garner and Mr. Artic in which Mr. Artic admitted to know about the cocaine and discussed its sale. Further evidence corroborated Garner's charges that Mr. Artic was his supplier. On January 12, 1995, the officers arrested Mr. Artic pursuant to a warrant, and found a loaded .357 Magnum gun, money straps, drug ledger and notes, baggies, unused Postal Express envelopes and labels, and a pager. Mr. Artic was indicted on February 8, 1995, and his trial date was slated for April 10, 1995.
 
 
 3
 On March 22, the district court stated during a pretrial conference that, if a plea agreement was reached, it had to be filed with the court by April 4, 1995. A plea agreement was reached and timely filed on April 3, 1995. Mr. Artic agreed to plead guilty to one count of conspiracy to possess with intent to distribute cocaine, to admit his role in the conspiracy, and to cooperate with the government by providing information and agreeing to testify if asked. The government agreed to recommend a two-level decrease for acceptance of responsibility if Mr. Artic continued to cooperate with the government, see U.S.S.G. § 3E1.1, and to advise the district court of the extent of Mr. Artic's cooperation. Mr. Artic pleaded guilty on April 10, 1995.
 
 
 4
 The Presentence Investigation Report (PSR) calculated Mr. Artic's base offense level to be 28, plus two points for possession of a weapon. The PSR then recommended reducing Mr. Artic's level two points for acceptance of responsibility but did not recommend reducing his offense level a further point because his plea was not timely. See U.S.S.G. § 3E1.1. Mr. Artic's counsel did not object to the PSR recommendations but did require the government to demonstrate that the weapon was "possessed" by Mr. Artic. The district court adopted the findings in the PSR and determined that Mr. Artic had possessed the weapon. Mr. Artic's total offense level was 28 and his criminal history category was III, translating into a range of imprisonment of 97 to 121 months. The district court imposed a 112 month term of imprisonment, in the middle of the range of imprisonment.
 
 
 5
 Mr. Artic now appeals arguing that his total offense level should have been reduced another point under U.S.S.G. § 3E1.1(b) because Mr. Artic timely accepted responsibility. If § 3E1.1(b) had applied, Mr. Artic's range of imprisonment would have been from 87 to 108 months. Because Mr. Artic did not object to the PSR on the grounds that he was entitled to a reduction under § 3E1.1(b), the standard of review is plain error. United States v. Olano, 507 U.S. 725 (1993); United States v. King, 62 F.3d 891, 893 (7th Cir.1995). We accept the sentencing court's findings of fact unless clearly erroneous, and give due regard to the sentencing court's credibility determinations. 18 U.S.C. § 3742(e); United States v. Hammick, 36 F.3d 594, 597 (7th Cir.1994).
 
 
 6
 As an initial matter, Mr. Artic urges the court to adopt a new standard of review to replace the plain error standard. Mr. Artic makes an abbreviated argument that the plain error standard is too restrictive in the context of sentencing decisions and believes the court should be more open to review unobjected errors. However, this argument is foreclosed by Fed.R.Crim.P. 52 and the Supreme Court's decision in Olano which held that forfeited errors may be noticed by appellate courts only if the error constituted plain error. Olano, 507 U.S. at 732. This court has applied Olano to alleged errors in sentencing. See e.g., United States v. McGee, 60 F.3d 1266, 1268 (7th Cir.1995); United States v. Garcia, 35 F.3d 1125, 1134 (7th Cir.1994).
 
 
 7
 Mr. Artic is not eligible for a further point reduction pursuant to § 3E1.1(b)(1). The PSR made clear that he had not provided complete information to the government with respect to his own involvement in the offense. Mr. Artic did not object to that assertion and the district court adopted the finding of the PSR. (We note that the district court was apprised of the extent to which Mr. Artic had cooperated.)
 
 
 8
 In deciding whether his plea was timely, the district court does not base its determination solely on its management of its calendar. The guideline requires it to consider whether the government began its preparation for trial and whether the court had sufficient time to schedule its calendar efficiently. U.S.S.G. § 3E1.1, comment. (n. 6). The defendant bears the burden to show by a preponderance of the evidence that he is entitled to the reduction for timeliness. Hammick, 36 F.3d at 597; United States v. Robinson, 20 F.3d 270, 273 (7th Cir.1994). We have found plea agreements one week prior to trial untimely under § 3E1.1(b). See e.g., United States v. Francis, 39 F.3d 803, 808 (7th Cir.1994) (pleaded guilty approximately one week before trial); see also United States v. Robinson, 14 F.3d 1200, 1203 (7th Cir.1994); United States v. McClain, 30 F.3d 1172 (9th Cir.), cert. denied, 115 S.Ct. 609 (1994).
 
 
 9
 Mr. Artic filed his agreement to plead guilty one week before the trial was scheduled to commence, and approximately two months after his indictment. Mr. Artic's trial was scheduled to last three days. The district court denied the § 3E1.1(b) reduction, adopting the PSR's recommendation that "Artic did not agree to [plead] guilty until days before the scheduled jury trial and he did not provide complete and timely information to the government concerning his own involvement in the offense." PSR at 13. Because Mr. Artic did not object to the § 3E1.1(b) denial, the government had no reason to show that it had prepared for trial or that the district court's schedule was impaired. See § 3E1.1, comment. (n. 6). On appeal, Mr. Artic presents neither evidence nor argument demonstrating that the government had not begun its trial preparation or that the district court's calendar was not impaired. We therefore cannot find that the district court committed plain error by not granting Mr. Artic a § 3E1.1(b) reduction. Robinson, 20 F.3d at 273.
 
 
 10
 Mr. Artic also claims that he suffered from ineffective assistance of counsel because his counsel failed to object to the PSR's recommendation that Mr. Artic not receive the reduction under § 3E1.1. He proceeds on appeal with new counsel. We review a claim of ineffective assistance of counsel on direct appeal only if the claim is based on the trial court record, United States v. Kellum, 42 F.3d 1087, 1095 (7th Cir.1994), and when a defendant is "confident that the ineffectiveness of the lawyer's assistance was obvious from the transcript and might not think that the lawyer who had disserved him (or anyone else) would have anything helpful to say at an evidentiary hearing." Guinan v. United States, 6 F.3d 468, 471 (7th Cir.1993). To succeed on an ineffective assistance of counsel claim, Mr. Artic must demonstrate that his trial counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional error, the result would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984). Because the record contains absolutely no evidence regarding the decision by Mr. Artic's counsel not to object, we cannot reach the merits of this question on direct appeal. Rather, the merits must be reserved should Mr. Artic renew this argument in a petition brought pursuant to 28 U.S.C. § 2255.
 
 
 11
 AFFIRMED.