86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Lee MIDDLETON, Defendant-Appellant.
 No. 95-30120.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Lee Middleton appeals pro se the district court's findings of fact related to sentencing, amended pursuant to our limited remand following Middleton's 1995 motion for relief under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Middleton asserts that the district court's amended findings are still erroneous, and that he should have received a hearing. The government reminds us that Middleton waived his right to appeal sentencing issues and that, in any event, factual disputes surrounding such issues "are not generally reviewable by means of a § 2255 petition." United States v. Schlesinger, 49 F.3d 483, 484 (9th Cir.1994). Nonetheless, having considered Middleton's sentencing claim when he first appealed the denial of collateral relief, we review the district court's amended findings to ensure compliance with our limited remand.
 
 
 4
 We review for an abuse of discretion a district court's refusal to hold an evidentiary hearing to resolve matters disputed in a presentence report. United States v. Harrison-Philpot, 978 F.2d 1520, 1525, cert. denied, 508 U.S. 929 (1993). It is enough to comply with Fed.R.Crim.P. 32(a)(3)(D) if a district court expressly adopts the probation officer's resolution of these matters. United States v. McClain, 30 F.3d 1172, 1174 (9th Cir.), cert. denied, 115 S.Ct. 609 (1994).
 
 
 5
 Our remand order instructed the district court to resolve explicitly Middleton's challenges to the factual accuracy of his presentence report. Middleton was not entitled to a hearing, and the district court did not abuse its discretion by declining to hold one. See Harrison-Philpot, 978 F.2d at 1525. Our review of the amended order shows that the district court made findings concerning the controverted information in Middleton's presentence report sufficient to satisfy Rule 32. See McClain, 30 F.3d at 1174. We discern no other error. We, therefore, affirm.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3