87 F.3d 1325
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose REYES-ROJAS, Defendant-Appellant.
 No. 95-50417.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1996.*
Decided June 11, 1996.
 
 Before: WIGGINS, THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Reyes-Rojas pleaded guilty to importing marijuana in violation of 21 U.S.C. §§ 952 and 960, and was sentenced to sixty-three months in prison. He contends that the district court erred by not granting him an additional one-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(B)(2) and by finding that he was a minor participant rather than a minimal participant in the offense. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * The district court granted Reyes a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a). However, the court refused the grant an additional one-level adjustment under § 3E1.1(b)(2). We review the district court's decision not to grant the additional adjustment for clear error. United States v. McClain, 30 F.3d 1172 (9th Cir.1994). Thus, we must accept the district court's decision unless we are left with the definite and firm conviction that a mistake has been made. United States v. Ramos, 923 F.2d 1346, 1356 (9th Cir.1991).
 
 
 4
 Because Reyes qualified for a two-level adjustment under § 3E1.1(a) and his offense level is greater than level 16, the district court had to consider whether Reyes was eligible for an additional one-level adjustment under § 3E1.1(b). McClain, 30 F.3d at 1173. Here, the district court considered whether Reyes was eligible for the adjustment and concluded that he was not.
 
 
 5
 Under § 3E1.1, Reyes would be eligible for the additional adjustment if the district court found that he had assisted the authorities in their investigation and prosecution by "timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources effectively." U.S.S.G. § 3E1.1(b)(2). To determine if the defendant's plea is timely, a district court must consider
 
 
 6
 the extent of trial preparation already undertaken prior to the plea and the decision's proximity in time to the trial date. If the Government has already spent considerable time and effort preparing for trial and is at least substantially prepared to present its case, then the decision is not timely enough to promote prosecutorial efficiency or economy.
 
 
 7
 United States v. Hopper, 27 F.3d 378, 385 (9th Cir.1994).
 
 
 8
 Here, Reyes pleaded not-guilty to the indictment on March 16, 1995. Trial was set to begin on May 16, 1995. On May 15, Reyes appeared before the district court for what was intended to be a change-in-plea hearing during which Reyes was supposed to plead guilty pursuant to a negotiated plea bargain. At the hearing, however, Reyes did not plead guilty. Instead, he requested that his attorney, Mark Adams, be relieved and new counsel be appointed. The district court agreed with this request and trial was reset to begin on June 3, 1995. On May 24, nine days after having new counsel appointed, Reyes entered a guilty plea to the indictment.
 
 
 9
 The government "bears the burden 'to establish to the satisfaction of the district court that it was engaged in meaningful trial preparation when the defendant gave notice to plead guilty.' " McClain, 30 F.3d at 1173 (quoting United States v. Kimple, 27 F.3d 1409, 1414 n. 5 (9th Cir.1994)). At the sentencing hearing, the government stated that as a result of Reyes' failure to plead guilty at the May 15th hearing, "the government was forced to prepare for trial." ER 63. The district court accepted the government's assertion and denied the additional one-level departure. ER 70.
 
 
 10
 Reyes contends that the district court clearly erred by accepting the government's assertion because the government did not back its statement with "facts, proffers, or other evidence." Blue Brief at 10. This argument is without merit. We have never held that the district court must demand such evidence when the circumstances make it obvious that the government must have prepared for trial. Here, Reyes delayed submitting a guilty plea for nearly three months after pleading not-guilty. He informed the government that he would plead guilty on May 15, but then changed his mind and announced at the hearing that he would go to trial with new counsel. He then waited another nine days, changed his mind again, and announced that he would plead guilty after all. Given these facts, we cannot find that the district court clearly erred by believing the government's statement that Reyes' delay in pleading guilty forced it to prepare for trial. Therefore, we affirm the district court's decision not to grant a one-level downward adjustment under § 3E1.1(b)(2).
 
 II
 
 11
 Reyes also contends that the district court erred in finding that his role in the offense was that of a minor participant rather than a minimal participant. However, Reyes never raised this argument before the district court.
 
 
 12
 Generally, we will not hear an issue raised for the first time on appeal. However, there are four exceptions to this general rule: (1) there are "exceptional circumstances" why the issue was not raised before the trial court; (2) the new issue arose while the appeal was pending because of a change in the law, (3) the issue presented is purely one of law, or (4) plain error has occurred and injustice might otherwise result. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991).
 
 
 13
 None of the four exceptions apply to this case. Reyes has identified no exceptional circumstances or subsequent change in law. The issue presented, whether Reyes' role was minimal or minor, is "heavily dependent on the facts", United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1993), and therefore is not a purely legal issue. Finally, no plain error occurred because Reyes was not a minimal participant: he was caught transporting over two hundred pounds of marijuana across the boarder after fleeing from customs agents at a high rate of speed. Therefore, we hold that the district court did not err by failing to find that Reyes was a minimal participant.
 
 III
 
 14
 Reyes' delay in pleading guilty rendered him ineligible to receive a downward adjustment under U.S.S.G. § 3E1.1(b)(2). The district court did not err by failing to sua sponte find that he was a minimal participant in the offense. Therefore we AFFIRM the sentence.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3