166 F.3d 1218
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Joanne KWI YE ESTES, Defendant-Appellant.
 No. 98-15632.
D.C. Nos. CV-97-00606-ACK, CR-93-00225-ACK.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 14, 1998.[1]
Decided Dec. 17, 1998.
 
 Appeal from the United States District Court for the District of Hawaii, Alan C. Kay, District Judge, Presiding.
 Before BROWNING, TROTT, and SILVERMAN, Circuit Judges.
 
 MEMORANDUM
 
 1
 Joanne Kwi Ye Estes, a Hawaii state prisoner, appeals pro se the district court's denial of her 28 U.S.C. § 2255 motion challenging her guilty-plea conviction for conspiracy to possess with intent to distribute crystal methamphetamine. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, see United States v. McMullen, 98 F.3d 1155, 1156-57 (9th Cir.1996), and we affirm in part, vacate in part, and remand.
 
 
 2
 With respect to her claim that she is entitled to a minor-role adjustment to her sentence, we conclude that Estes has waived this argument by not raising it at her sentencing hearing or on appeal. See McMullen, 98 F.3d at 1157. With respect to her claim that she is entitled to an additional adjustment for acceptance of responsibility, we reject her contention. See United States v. McClain, 30 F.3d 1172, 1174 (9th Cir.1994) (per curiam) (holding that relevant event for "timeliness" determination is communication to prosecution of defendant's willingness to plead guilty).
 
 
 3
 With respect to Estes' claim that she received ineffective assistance of counsel when her attorney failed to argue for a sentencing adjustment for a minor role in the crime and failed to file a notice of appeal, we decline to reach these issues because they were not raised below. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.1992).[2]
 
 
 4
 Finally, Estes contends that she received ineffective assistance of counsel based on her attorneys' alleged failure to communicate her desire to plead guilty to prosecutors in a timely fashion. We conclude that the statements in Estes' reply to the government's response to her § 2255 motion concerning her counsel's failure to communicate her willingness to plead guilty were sufficient to raise a claim of ineffective assistance of counsel. See United States v. Young, 936 F.2d 1050, 1052 (9th Cir.1991) (per curiam)(pro se litigant's pleadings should be liberally construed). Accordingly, we remand so that the district court may conduct an evidentiary hearing on this issue.
 
 
 5
 Each party shall bear its own costs on appeal.
 
 
 6
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 [1]
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 [2]
 We note that Estes has abandoned her claim that she received ineffective assistance of counsel when her attorney failed to seek a continuance to wait for passage of the "safety valve" provision as part of the 1994 crime bill by not raising this contention on appeal