**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Ramon CARRILLO–QUINTERO,**
**Defendant–Appellant.**

**No. 00–50113.**
**D.C. No. CR–99–00004–RT–01.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2001.*

Decided March 9, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Federal Rules of Appellate Procedure 34(a)(2).

Before BROWNING, BRUNETTI, and HAWKINS, Circuit Judges.

### MEMORANDUM **

Juan Ramon Carrillo–Quintero appeals the sentence that the district court imposed following his guilty plea to conspiracy to distribute heroin and methamphetamine and distribution of heroin and methamphetamine in violation of 21 U.S.C. §§ 841(a)(6) and 846. He raises three issues on appeal. We will address each in turn.

First, Defendant contends that the district court violated his due process rights by failing to order, *sua sponte*, under 18 U.S .C. §§ 4241 and 4244, a psychiatric or psychological examination of Defendant to determine his mental competency, despite reasonable cause to believe that he was incompetent to stand sentencing.

■ The test for competency at a sentencing hearing is "whether the defendant is able to understand the nature of the proceedings and participate intelligently to the extent participation is called for." *Chavez v. United States,* 656 F.2d 512, 518 (9th Cir.1981). The district court's duty to inquire into a defendant's competency is triggered if the judge is confronted with "substantial evidence" to doubt the defendant's competency. *See id.* at 517–18.

■ Based on a review of the record, there is no doubt that "substantial evidence" was lacking to trigger a duty to further inquire into Defendant's competency. The transcript of the proceedings reveals that Defendant not only understood the nature of the proceedings, but did in

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

fact participate intelligently in discussions with both the judge and his counsel. Moreover, Defendant's written submissions to the court, his psychiatric and behavioral history, and the fact that defense counsel did not request further inquiry into Defendant's competency, or otherwise suggest that Defendant was unable to participate to the extent called for, all point against a showing of substantial evidence. Defendant argues that comments he made to the judge, *in camera*, provided reasonable cause to doubt his competency. We disagree. These comments are vague and inconsistent, and when viewed in light of all the other evidence of competency before the district court at the time of the sentencing hearing, certainly does not rise to the level of "substantial evidence" of incompetency. *See id.* at 517; *see also Sailer v. Gunn*, 548 F.2d 271, 274 n. 4 (9th Cir.1977). The district court did not abuse its discretion by not ordering further inquiry into Defendant's mental competency to stand sentencing.

■ Second, Carrillo–Quintero contends that the district court erred in withholding an additional one-level reduction based on timely acceptance of responsibility under United States Sentencing Guideline ("U.S.S.G.") § 3E1.1(b)(2). Here, too, Defendant's argument is without merit. "[T]o qualify under subsection (b)(2), the defendant must plead early enough that the prosecution may avoid trial preparation." *United States v. Chee*, 110 F.3d, 1489, 1494 (9th Cir.1997). Although Defendant may have indicated his desire to enter into a plea agreement soon after his indictment, his subsequent actions demonstrate otherwise. He did not enter a guilty plea until more than eight months after the indictment, and only after he was granted four trial continuances. While one reason for the stipulated continuances may have been Defendant's desire to enter

into a plea agreement, each motion also clearly indicated that a continuance was needed to provide more time to effectively prepare for trial. In any event, by the time Defendant actually pleaded guilty, the government had nearly completed most of its trial preparation, *see United States v. Narramore*, 36 F.3d 845, 846 (9th Cir. 1994); *United States v. McClain*, 30 F.3d 1172, 1174 (9th Cir.1994); *United States v. Hopper*, 27 F.3d 378, 385–86 (9th Cir. 1994), thereby nullifying § 3E1.1(b)(2)'s primary purpose of encouraging prosecutorial and judicial economy and efficiency. *See Hopper*, 27 F.3d at 384. Thus, the district court's decision denying an extra point reduction was not clearly erroneous.

■ Finally, Defendant argues that the district court abused its discretion in denying Defendant's request for a sentencing continuance in order to give Defendant time to comply with U.S.S.G. § 5C1.2(5)'s "proffer" requirement for "safety valve" eligibility. A sentencing court has the discretion to grant a continuance. *See United States v. Bauer*, 84 F.3d 1549, 1562 (9th Cir.1996).

U.S.S.G. § 5C1.2(5) requires that Defendant must have "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." The express wording of this section further states that this criterion must be satisfied "not later than the time of the sentencing hearing." *See id.*

The district court did not abuse its discretion by refusing to continue the sentencing hearing. Defendant candidly sought to have the best of all worlds by wanting to hear the district court's rulings as to whether he met the other four safety value criteria before he decided whether he would tell all he knows about his crimes (and risk exposing his family in Mexico to

retribution) under the fifth criterion. The judge refused to do this, but did give Defendant the opportunity to satisfy the "proffer" requirement right then and there, before any sentencing rulings were made. Defendant declined to take this gamble. Under these circumstances, the district court was clearly within its discretion to deny the request for a continuance.

We affirm the district court on each issue.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.