UNITED STATES of America, Plaintiff—Appellee,

v.

Jaime MONTEPEQUE–PERALTA, aka Moises Salazar–Canastu aka Erick Salazar–Salazar, Defendant—Appellant.

No. 03–50462.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2004.

Decided Nov. 16, 2004.

---

U.S. Attorneys Office, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kara Persson, San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

## MEMORANDUM *

Jaime Enrique Montepeque–Peralta ("Montepeque") appeals his sentence following a plea of guilty to a violation of 8 U.S.C. § 1326, being a deported alien found in the United States. He challenges the district court's classification of his prior convictions as predicate convictions for purposes of enhancing his sentence sixteen levels under U.S.S.G. § 2L1.2(b)(1)(A). He also challenges the district court's denial of a one-level downward adjustment for timely acceptance of responsibility under U.S.S.G. § 3E1.1(b). We have jurisdiction under 28 U.S.C. § 1291 and we affirm in part, reverse in part, and remand.[1]

■ We review *de novo* the district court's interpretation of the Sentencing Guidelines. *United States v. Garcia–Gomez,* 380 F.3d 1167, 1170 (9th Cir.2004). The district court enhanced Montepeque's sentence sixteen levels because he was convicted of "a drug trafficking offense for which the sentence imposed exceeded 13 months." U.S.S.G. § 2L1.2(b)(1)(A)(i). Montepeque conceded in his Reply Brief that his 1990 state court conviction for possession for sale of a controlled substance in violation of California Health & Safety Code § 11351 qualified as a drug trafficking conviction under § 2L1.2(b)(1)(A).[2]

Montepeque argues, however, that the "sentence imposed" did not meet the thirteen-month threshold because his original sentence was 180 days, and it was not until his probation was revoked that he was sentenced to prison for an additional two years. His argument is foreclosed by our

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we reference them here only as they are necessary to explain our decision.

2. Montepeque sought to retract his concession in a 28(j) letter that he lodged with the court on October 27, 2004, after the completion of briefing and oral argument. In this letter, Montepeque attempted to change course and argue that his conviction was not a drug trafficking offense. Montepeque, however, is precluded from raising this argument at this late date. A letter submitted pursuant to Federal Rule of Appellate Procedure 28(j) cannot raise a new issue. *Brady v. Gebbie,* 859 F.2d 1543, 1557 n. 13 (9th Cir.1988). This court has considered it an "inappropriate" tactic for a party to "either raise[ ] new issues or reargue[ ] previously raised issues" by means of a 28(j) letter. *United States v. La-Pierre,* 998 F.2d 1460, 1466 n. 5 (9th Cir. 1993). We therefore consider this argument waived. *See Brady,* 859 F.2d at 1557 (finding appellant's contention waived because she "did not even mention-much less argue-the issue ... in either her opening or reply brief"). The subsequent amendments to Rule 28(j) do not affect the vitality of our cases interpreting the rule.

recent decision in *United States v. Moreno–Cisneros*, 319 F.3d 456 (9th Cir.2003), where we held that time served after revocation of probation counts toward a "sentence imposed" for purposes of applying § 2L1.2(b)(1)(A)(i). Accordingly, the district court did not err in imposing the sixteen-level enhancement.[3]

■ Next, Montepeque challenges the district court's determination that he did not qualify for the additional one-level downward adjustment under U.S.S.G. § 3E1.1(b) for timely acceptance of responsibility. He argues that the court's finding that the government had engaged in meaningful trial preparation before he notified the prosecutors of his intent to plead guilty was erroneous. We agree.

Whether a defendant is entitled to a downward adjustment for acceptance of responsibility is a factual determination that we review for clear error. *United States v. Kimple*, 27 F.3d 1409, 1412 (9th Cir.1994). Under U.S.S.G. § 3E1.1(b) (2002),[4] the extra one-level downward adjustment is mandatory if a defendant qualifies for the two-level adjustment under subsection (a) and has timely notified the authorities of his intention to plead guilty. *United States v. Villasenor–Cesar*, 114 F.3d 970, 973 (9th Cir.1997).

Here, the government has not met its burden of establishing that it had engaged in "meaningful trial preparation" when Montepeque gave notice of his intent to plead guilty. *Kimple*, 27 F.3d at 1414 n. 6. Preparation for pretrial motions, taken by itself, is not trial preparation within the meaning of the guideline. *Id.* at 1413. As we stated in *United States v. Vance*, "[t]he guidelines do not mean 'motions' where they say 'trial' at § 3E1.1(b)." 62 F.3d 1152, 1157 (9th Cir.1995). The district court relied on the government's statement that, in preparation *for trial*, it had issued subpoenas and obtained and produced discovery. These efforts did not leave it "at least substantially prepared to present its case...." *United States v. Hopper*, 27 F.3d 378, 385 (9th Cir.1994).

Timely acceptance is defined "in functional, not exclusively temporal, terms," and there is no "given length of time" that must remain before trial for a defendant to preserve eligibility. *Kimple*, 27 F.3d at 1412, 1413. Yet in making its determination, the district court relied on its perception "that at least eight days before accepting a defense argument [sic] that the government by that time has to start preparing." The district court must rely on proof of the government's actual trial preparation, not conjecture about what a typical prosecutor might have done or "has to" do under the circumstances. The district court clearly erred when it denied the additional reduction for timely acceptance of responsibility.

The judgment of the district court is therefore AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.

■

---

3. In light of our disposition, we need not address Montepeque's challenge to the district court's alternative ruling that his prior conviction for willful discharge of a firearm also qualified as a predicate offense for purposes of the sixteen-level enhancement under § 2L1.2(b)(1)(A)(ii).

4. Section 3E1.1(b) was amended effective April 30, 2003, and now requires that the government file a motion requesting the court to apply the extra point for timely acceptance of responsibility. However, because the new guideline is more restrictive, Montepeque is subject to the guidelines in force when he committed the offense on February 2, 2003. *See United States v. Cueto*, 9 F.3d 1438, 1440 (9th Cir.1993).