**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jaime MONTEPEQUE–PERALTA, aka
Moises Salazar–Canastu, Erick Salazar–Salazar, Defendant—Appellant.**

No. 05–50385.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 13, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

454

Christopher M. Alexander, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Zandra L. Lopez, FDSD–Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

MEMORANDUM **

Jaime Enrique Montepeque–Peralta ("Montepeque") appeals his sentence following a judgment and conviction for violation of 8 U.S.C. § 1326, being a deported alien found in the United States. In a previous appeal, we concluded that the district court "clearly erred when it denied [an] additional reduction for timely acceptance of responsibility" without first determining whether the government meaningfully prepared for trial prior to Montepeque's notice of intent to plead guilty. *See United States v. Montepeque–Peralta,* 116 Fed.Appx. 853 (9th Cir.2004) (unpublished disposition). We remanded for resentencing on an open record. *Id.* On remand, the district court reviewed evidence of the government's trial preparation and found that "[b]asically the only thing that was left to do was to put the witnesses on the stand and go through the trial itself." The district court once again denied Montepeque a third point adjustment for acceptance of responsibility and sentenced Montepeque to 77 months in custody.

In this appeal, Montepeque argues that the government did not carry its burden of demonstrating that it meaningfully prepared for trial. In light of evidence that the government prepared trial subpoenas and witnesses lists, a transcript of the deportation tapes, and motions in limine, we conclude that the district court did not clearly err in finding that the government meaningfully prepared for trial. *See United States v. McClain,* 30 F.3d 1172, 1174 (9th Cir.1994) (holding that government's issuing seven subpoenas and planning exhibits for use at trial constituted substantial preparation).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

■ Montepeque also challenges the constitutionality of his sentence enhancement under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court enhanced Montepeque's sentence sixteen levels under U.S.S.G. § 2L1.2(b)(1)(A) because it found that Montepeque was convicted of a drug trafficking offense in 1990 and subsequently deported. Montepeque argues that the district court cannot enhance his sentence beyond the two-year statutory maximum if the fact of his prior conviction was not admitted by him or proven beyond a reasonable doubt. Montepeque's argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and its progeny in this circuit. *See, e.g., United States v. Beng–Salazar*, 452 F.3d 1088, 1091 (9th Cir.2006); *United States v. Rodriguez–Lara*, 421 F.3d 932, 949–50 (9th Cir.2005).

■ Montepeque also argues for the first time on appeal that the district court erred when it enhanced his sentence without clearly establishing the date of his deportation and removal. As we recently explained in *United States v. Covian–Sandoval*, the district court cannot apply a sentence enhancement under § 1326(b)(1) unless Montepeque's removal is "subsequent" to a felony conviction. *See* 462 F.3d 1090, 1097–98 (9th Cir.2006).

Montepeque contends that the date of his removal was not alleged in the government's indictment, proven beyond a reasonable doubt, or admitted by him. We review Montepeque's claim for plain error. *See United States v. Minore*, 292 F.3d 1109, 1121 (9th Cir.2002).

In *Covian–Sandoval*, we stated that "the fact of an alien's prior removal or departure ... must be proved beyond a reasonable doubt to a jury or admitted by the defendant." 462 F.3d at 1098. As in *Covian–Sandoval*, the sentencing court here "found the existence of a subsequent removal that was neither proven beyond a reasonable doubt at trial nor admitted by [the defendant]." *Id.* at 1098. Thus, the district court plainly erred in applying a sentencing enhancement under § 1326(b)(1) without proof beyond a reasonable doubt that the date of Montepeque's deportation was subsequent to his 1990 felony conviction.

■ We conclude, however, that this error did not violate Montepeque's substantial rights. A "defendant bears the burden of raising a reasonable doubt as to the fact" of the date of deportation. *Id.* at 1098. Montepeque's actions all but confirm that his deportation was subsequent to his 1990 felony conviction. Montepeque never raised any objection to the allegation of his subsequent deportation, either in response to the presentence report or at the two sentencing hearings. Moreover, Montepeque conceded the fact of his subsequent deportation when he urged the district court to apply a lesser sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(D)—an enhancement that presupposes that his deportation followed a felony conviction. In sum, the record is devoid of any evidence that would suggest a contrary finding. Accordingly, under the plain error standard, his sentence must stand.

AFFIRMED.