**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    19-10026 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:14-CR-00083-GEB-EFB-1 |
| MIHRAN MELKONYAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Senior District Judge, Presiding

Submitted December 10, 2020**
San Francisco, California

Before:  W. FLETCHER and IKUTA, Circuit Judges, and SCHREIER,*** District
Judge.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Karen E. Schreier, United States District Judge for the
District of South Dakota, sitting by designation.

Mihran Melkonyan appeals his sentence after a jury found him guilty of 24 counts of wire fraud, in violation of 18 U.S.C. § 1343, and 2 counts of mail fraud, in violation of 18 U.S.C. § 1341. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court's findings satisfy Fed. R. Crim. P. 32. At sentencing, the court stated, "Defendant's objections are not supported by the trial record," and "I adopt the findings in the presentence report to the extent they're not inconsistent with the findings that I have made during this proceeding." The court made clear that it was aware of defendant's objections, but disagreed with them, and expressly relied on the trial record as well as the Presentence Report's (PSR) resolution of disputed issues. *See United States v. Wijegoonaratna*, 922 F.3d 983, 990 (9th Cir. 2019); *United States v. McClain*, 30 F.3d 1172, 1174 (9th Cir. 1994) (per curiam). This satisfies the court's duty to state its resolution of disputed issues.

The district court correctly calculated a 22-level increase to Melkonyan's offense level for amount of loss. The $500 amount in Application Note 3(F)(i) to U.S.S.G. § 2B1.1 establishes "a presumed loss, setting a floor beneath which neither 'actual' nor 'intended' loss may fall." *United States v. Yellowe*, 24 F.3d 1110, 1113 (9th Cir. 1994) (emphasis omitted); *see also United States v. King*, 861

2

F.3d 692, 694 n.1 (7th Cir. 2017) (noting that in 2000, the Sentencing Commission moved Application Note 4 to Application Note 3(F)(i) and changed the minimum loss amount from $100 to $500 per device). Here, because the number of unauthorized access devices is not in dispute,[1] multiplying that number by $500 is the correct application of the Sentencing Guidelines, and the defendant's subjective intent as to actual loss is immaterial. *See Yellowe*, 24 F.3d at 1113.

The court adequately explained Melkonyan's sentence when it addressed the parties' objections to the PSR and heard separate arguments weighing the factors under 18 U.S.C. § 3553. The court considered the facts in the trial record and those presented in the PSR. The court specifically noted that the Guideline range of 210 to 262 months was "high," but that it was supported by the court's findings and based on "illegal choices the defendant made." Because the court demonstrated that it made a reasoned decision, no procedural error occurred. *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Melkonyan essentially makes three arguments in support of his claim that the sentence is substantively unreasonable: (1) the loss enhancement greatly

---

[1] *See United States v. Gainza*, No. 19-10430, 2020 WL 7222136 (9th Cir. Dec. 8, 2020) (referring with approval to the court's use of the $500 minimum per access device found in Application Note 3(F)(i) to determine amount of loss, even when the number of access devices was disputed by the defendant).

exceeds actual loss, (2) the sentence is disproportionately high under the § 3553(a) factors, and (3) the court should have imposed the 168-month sentence recommended in the PSR. The first two arguments are foreclosed by the court's proper calculation of the amount of loss and its explanation of the sentence. The third argument ignores the fact that the 168-month recommendation in the PSR pre-dated a 2-level enhancement and resulting guideline range adjustment at the sentencing hearing.In light of the written objections and oral arguments made by the parties, and the court's subsequent findings of fact and explanation, the court did not abuse its discretion in choosing a guideline-range sentence of 230 months.

Finally, the district court correctly applied the preponderance of the evidence standard to establish facts at sentencing. When a "sentencing enhancement for amount of loss [is] not based on uncharged or acquitted conduct," the district court does not err when it uses a preponderance of the evidence standard. *United States v. Garro*, 517 F.3d 1163, 1169 (9th Cir. 2008); *see also United States v. Valle*, 940 F.3d 473, 480 n.8 (9th Cir. 2019). The superseding indictment charged Melkonyan with participating in a scheme to defraud. His conviction established that he knowingly participated in the scheme and that the actions taken as part of the scheme were reasonably foreseeable to him. Because the conduct leading to the loss enhancement was charged in the indictment and Melkonyan was convicted of

those charges, the court did not err when it applied the preponderance of the evidence standard.

**AFFIRMED.**