**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Toijuana Gene COLLINS, aka Seal A,**
**aka G–Red, aka Toijuana Collins,**
**Defendant–Appellant.**

No. 00–50377.

D.C. No. CR–99–01137–R–1.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2001.

Submission withdrawn Nov. 21, 2001.

Resubmitted July 26, 2002.

Decided July 30, 2002.

Before HALL, KOZINSKI, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Toijuana Collins appeals his jury conviction on one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) and the district court's sentence of 240 months' imprisonment. Because the facts are known to the parties, we recount them only as necessary to explain our analysis. For the reasons set forth below, we affirm.

### I

We agree with Collins that the district court erred in admitting the incriminating statement that he made before he was properly advised under *Miranda v. Arizona*, 384 U.S. 436, 467, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and that it abused its discretion in denying his suppression motion as untimely. Given the representa-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion in the F.B.I. report regarding the order of events during the interrogation, Collins' counsel had no reason to suspect that incriminatory statements were made before the provision of *Miranda* warnings. These circumstances suffice to excuse the procedural default that ordinarily would apply. *See* Fed.R.Crim.P. 12(b)(3), (f) (while the failure to make a motion to suppress prior to trial "shall constitute waiver thereof," the court "for cause shown may grant relief from the waiver").

■ *Miranda* applies to all statements made in response to custodial interrogation, *Miranda,* 384 U.S. at 467, 86 S.Ct. 1602, and Collins' comment immediately after the playing of the incriminating audiotapes was such a statement. It is undisputed that Collins was in F.B.I. custody when he made the statement. The statement was made in response to actions by the agents that were the "functional equivalent" of questioning, because the agents should have known they were "reasonably likely to elicit an incriminating response from" Collins. *See Rhode Island v. Innis,* 446 U.S. 291, 302, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). Although the F.B.I. agent "testified that he preceded [the playing of the tape] by admonishing [Collins] not to speak, we are persuaded that he should have known that it was reasonably likely [that playing it] would cause [him] to respond." *United States v. Orso,* 266 F.3d 1030, 1033 (9th Cir.2001) (en banc). Indeed, "[i]t is hard to see any purpose for [doing so] other than to elicit incriminating responses[.]" *Id.* at 1033–34. Collins' statement itself—"I've heard enough. You got me"—demonstrated that he perceived himself as having been interrogated. *See Innis,* 446 U.S. at 301, 100 S.Ct. 1682 (noting that the inquiry as to whether police actions were the functional equivalent of questioning should focus "primarily upon the perceptions of the suspect, rather than the intent of the police"). This statement, not preceded by *Miranda* warnings, was inadmissible.

■ However, when an involuntary confession is improperly admitted at trial, we apply a harmless error analysis, assessing the error "in the context of other evidence presented in order to determine whether its admission was harmless beyond a reasonable doubt." *Arizona v. Fulminante,* 499 U.S. 279, 308, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). Given the remaining incriminating evidence in the record, the effect on a reasonable trier of fact of this inadmissible statement's admission was minimal. Collins gave an extensive and detailed confession *after* the agents gave him the *Miranda* warnings, providing the jury with more than enough evidence on which to convict. *See United States v. Garibay,* 143 F.3d 534, 539 (9th Cir.1998). Collins' argument that his subsequent, Mirandized admissions were tainted by the pre-*Miranda* statements was not made before the district court and is thus waived. Fed.R.Crim.P. 12(b)(3). Even absent waiver, this argument is foreclosed by our recent en banc opinion in *Orso,* which held that a warned confession need not be suppressed because it follows unwarned statements taken in violation of *Miranda* unless the unwarned statements were involuntary. *Orso,* 266 F.3d at 1037–39. Confronting Collins with the evidence against him was not sufficiently coercive to render involuntary the statements he made in response. *See id.* at 1039 (holding that statements made in response to a postal inspector's informing the defendant of the evidence against her were not involuntary). Accordingly, we hold that the error in admitting Collins' initial inculpatory statement was harmless.

## II

Collins challenges his sentence in three respects. First, he argues that a clear and

convincing standard rather than a preponderance of the evidence standard applies to the district court's determination of drug quantity. Ordinarily, district courts are required to determine their factual findings at sentencing by a preponderance of the evidence. *See United States v. Collins,* 109 F.3d 1413, 1420 (9th Cir.1997). However, in *United States v. Restrepo,* 946 F.2d 654, 659 (9th Cir.1991) (en banc), we held that due process may require that the government satisfy a clear and convincing standard when a "sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction." *See also United States v. Hopper,* 177 F.3d 824, 833 (9th Cir.1999). Both parties frame the present case as requiring a *Restrepo* analysis, arguing over whether the effect of the district court's increases in base offense level and mandatory minimum was "extremely disproportionate" so as to warrant the application of the clear and convincing standard for the determination of drug quantity.

■ However, we have already held that in determining the quantity of drugs involved in a conspiracy for purposes of applying the proper range under the Federal Sentencing Guidelines, district courts should always apply the preponderance of the evidence standard. *United States v. Harrison–Philpot,* 978 F.2d 1520 (9th Cir. 1992). If the prosecution proved the substantive offense of conspiracy beyond a reasonable doubt, U.S.S.G. § 2D1.1(c) gives the appropriate sentencing range, and there is no uncharged conduct enhancing the sentence and thus no due process requirement of a higher standard of proof. *Id.* at 1523–24. The cases cited by the parties are inapposite, as they all involve sentencing departures or enhancement for uncharged conduct. Given the audio and videotape evidence and the detailed confession, the district court did not err in finding Collins responsible for the larger quantity under a preponderance of the evidence standard of proof.

■ Second, Collins argues that, because the jury was not asked to make a finding regarding the quantity of drugs, the district court could not impose any mandatory minimum sentence based on drug quantity. He contends that his sentence to the mandatory minimum provision of § 841(b)(1)(B) violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Supreme Court recently held otherwise. *See Harris v. United States,* —— U.S. ——, 122 S.Ct. 2406, 2414, 153 L.Ed.2d 524 (2002) ("*Apprendi* said that any fact extending the defendant's sentence beyond the maximum authorized by the jury's verdict would have been considered an element of an aggravated crime—and thus the domain of the jury—by those who framed the Bill of Rights. The same cannot be said of a fact increasing the mandatory minimum (but not extending the sentence beyond the statutory maximum), for the jury's verdict has authorized the judge to impose the minimum with or without the finding.").

■ Third, Collins argues that the district court could not lawfully impose an increased mandatory minimum sentence based on his prior felony drug conviction, because the prior conviction was not alleged in the indictment or found by the jury beyond a reasonable doubt. We disagree. In *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the Constitution does not require the fact of a prior conviction to be treated as an element of the offense that must be charged in a grand jury indictment and found by a jury beyond a reasonable doubt. *Id.* at 239–47, 118 S.Ct. 1219. We have held that *Apprendi* did not overrule

*Almendarez–Torres. See United States v. Pacheco–Zepeda,* 234 F.3d 411 (9th Cir. 2000) (as amended), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

Accordingly, the judgment of the district court is

AFFIRMED.