UNITED STATES of America, Plaintiff–Appellee,

v.

Humberto MARTINEZ, Defendant–Appellant.

No. 06–50464.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2008.

Filed June 17, 2008.

Rob B. Villeza, Esq., Michael J. Raphael, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

William J. Kopeny, Esq., William J. Kopeny & Associates, Irvine, CA, for Defendant–Appellant.

Before: CANBY, BYBEE, and M. SMITH, Circuit Judges.

MEMORANDUM *

Humberto Martinez appeals the 188–month sentence imposed by the district court after he pled guilty pursuant to a plea agreement to one count of conspiracy to import cocaine and marijuana in violation of 21 U.S.C. §§ 960(a)(1), 960(b)(1),

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

952(a), and 846. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's interpretation of the Sentencing Guidelines, and we review for clear error the factual findings underlying the sentencing decision. *United States v. Jordan,* 256 F.3d 922, 926 (9th Cir.2001). We affirm.

The district court did not plainly err in applying the preponderance of evidence standard in determining Martinez's sentencing enhancement. *See* Fed.R.Crim.P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). Under the totality of the circumstances and the factors in *United States v. Riley,* 335 F.3d 919, 925–26 (9th Cir.2003), the district court's three-level enhancement of Martinez's sentence for his role as a manager or supervisor under U.S.S.G. § 3B1.1 did not have a disproportionate effect on his sentence. *See United States v. Dare,* 425 F.3d 634, 642 (9th Cir.2005). The enhancement reflected the extent of the conspiracy, increased the offense level by less than four offense levels, and did not render the length of the enhanced sentence more than double the length of the sentence authorized by the initial Sentencing Guidelines range. *See United States v. Harrison–Philpot,* 978 F.2d 1520, 1523 (9th Cir.1992); U.S.S.G. § 3B1.1. Thus, no heightened standard of proof was required. *See United States v. Hopper,* 177 F.3d 824, 833 (9th Cir.1999).

The district court did not plainly err in relying upon the out-of-court statements in the Presentence Report and the sworn testimony given by Martinez's brother at separate criminal proceedings in its decision to impose the U.S.S.G. § 3B1.1 enhancement. *See* Fed.R.Crim.P. 52(b); *Williams v. New York,* 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); *United States v. Petty,* 982 F.2d 1365, 1369 (9th Cir.), *amended by* 992 F.2d 1015 (9th Cir. 1993). Because Martinez did not dispute any of the factual assertions in the Presentence Report, the district court properly accepted those assertions as findings of fact. *See* Fed.R.Crim.P. 32(i)(3)(A). The district court also properly considered the sworn testimony given by Martinez's brother in separate criminal proceedings because the relevant statements were adequately corroborated by intercepted telephone conversations between Martinez himself and other co-conspirators. *See Petty,* 982 F.2d at 1369.

The district court did not abuse its discretion in applying the three-level enhancement under U.S.S.G. § 3B1.1. *See United States v. Kimbrew,* 406 F.3d 1149, 1151 (9th Cir.2005) ("This court reviews ... the district court's application of the Sentencing Guidelines to the facts of this case for abuse of discretion."). In addition to the Presentence Report and sworn testimony of Martinez's brother, the district court properly relied upon Martinez's admission in the Plea Agreement that he was "in charge" of various drug-smuggling activities when his brother was unavailable. Read in conjunction with the Plea Agreement's detailed stipulation of at least one instance in which Martinez instructed others to take actions directed at smuggling drugs across the border, Martinez's admission is sufficiently specific to sustain the district court's imposition of the enhancement.

The district court properly entertained and considered Martinez's arguments concerning his history and personal characteristics as well as the nature and circumstances of the particular offense. It then imposed a sentence at the low end of the Guidelines, but only after carefully considering the 18 U.S.C. § 3553(a) factors. The district court was not required to refer specifically to Martinez's mitigation argu-

ment that the timing of his cooperation with the government was negatively affected by the undue influence of his brother's attorney. *See Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007); *United States v. Stoterau,* 524 F.3d 988, 999 (9th Cir.2008); *United States v. Carty,* 520 F.3d 984, 995 (9th Cir.2008) (en banc). Thus, Martinez's sentence was reasonable under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

The judgment of the district court is

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.