MEMORANDUM **
Defendant Cynthia Hughes appeals her conviction and sentence for conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1), and aiding and abetting possession with intent to distribute 50 grams or more of the same drug, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) (Count 2).
1. We review de novo a challenge to the sufficiency of the evidence. United States v. Odom, 329 F.3d 1032, 1034 (9th Cir.2003). We view the evidence in the light most favorable to the government, considering whether any rational fact-finder could have found all the elements of the crime beyond a reasonable doubt. Id. Contrary to Defendant’s argument, sufficient evidence supports the jury’s verdict on Count 1.
Defendant joined the conspiracy before the second trip to Salt Lake City. For example, she allowed the use of her car for Steve Englert’s first drug run to Salt Lake City, loaned her car to other coconspira *390 tors, and was present and using methamphetamine in the house she shared with Englert when he repeatedly sold the drug.
Defendant was properly held responsible for amounts of methamphetamine related to her participation in the conspiracy in the few weeks preceding the January 2006 starting date alleged in the indictment. Defendant claims neither that time was an element of her crime, United States v. Harrison-Philpot, 978 F.2d 1520, 1526 (9th Cir.1992), nor that she was prejudiced by the starting date of the conspiracy alleged in the indictment, United States v. Morse, 785 F.2d 771, 774-75 (9th Cir. 1986). Therefore, “the evidence adduced at trial,” rather than the starting “date[ ] alleged in the indictment,” controls. United States v. Guzman, 852 F.2d 1117, 1120 (9th Cir.1988).
After January 2006, Defendant remained actively involved in the procurement of large quantities of methamphetamine, for example, accompanying Englert on the second drug run to Salt Lake City, during which they were seeking three-quarters of a pound of methamphetamine, and returning for the third drug run, for which she contributed $4,000 toward purchasing a pound of the drug.
The quantity that coconspirators purchased during the trips to Salt Lake City exceeded 500 grams, because the purchases totaled at least 19-1/2 ounces, or 552.63 grams. Moreover, and equally supportive of the conspiracy count, Defendant and Englert actively sought to buy much greater amounts; the aim of the conspiracy was to acquire more than 900 grams.
Finally, the fact that the jury acquitted Defendant on Count 3 does not provide a ground for reversal of the valid conviction on Count 1. United States v. Powell, 469 U.S. 57, 62, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984).
2. Sufficient evidence also supports Defendant’s conviction on Count 2. See United States v. Delgado, 357 F.3d 1061, 1065-66 (9th Cir.2004) (setting out elements of aiding and abetting a crime). In preparation for the fourth and final drug run to Salt Lake City, Defendant gave Englert $1,500 to buy methamphetamine. She had accompanied him on two previous trips during which they had bought five or more ounces each time. Englert kept in frequent contact with her during the trip and confirmed that he had obtained five ounces for $5,000. A reasonable jury could infer that Defendant had the specific intent to facilitate Englert’s crime and that she knew he would acquire five ounces, which exceeds 50 grams.
3. Defendant also challenges her sentence, arguing that the district court erred by failing to apply the safety valve provisions of 18 U.S.C. § 3553(f). Reviewing the court’s factual findings for clear error, United States v. Megia-Pimental, 477 F.3d 1100, 1103 (9th Cir.2007), we are not persuaded.
The court permissibly found that Defendant failed to provide truthful information concerning all her information about the offenses in question. Unlike in United States v. Shrestha, 86 F.3d 935, 940 (9th Cir.1996), Defendant never gave the government complete and truthful information in good faith. For example, she lied to Agent Jenkins about her relationship to Englert, claimed to have given him money to buy a boat instead of drugs, lied about Englert’s purpose for driving to Salt Lake City, and falsely asserted that she and Englert were mere users, rather than dealers.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.